Lewis *v.* Brainerd.

---

## H. E. LEWIS *v.* HERBERT BRAINERD.

*Rights of Stockholder. Evidence. Penalty. Gen. Sts. c. 86, s. 8, (R. L. s. 3269).*

In an action by a stockholder against the clerk of a corporation to recover the penalty given by Gen. Sts. c. 86, s. 8 (R. L. s. 3269), for refusing to exhibit its records, &c., *Held,*

1. That, what the clerk said a short time previous to the demand, namely, that he " would not show the books even if the directors should order him to do so "; also, what he said to the plaintiff's attorney, after the demand, that, " when he got ready to show the books he would let him know," is admissible.

2. That, the ledger of the corporation, in which was a debit of assessments and a credit of payments on the assessments against the stockholders, is admissible, in connection with testimony tending to show that the ledger was in the custody of the defendant at the time of the demand; that *defendant* made and kept entries of assessments and payments therein of the stockholders; that, the plaintiff had notified the defendant that he should want to see whether certain assessments (naming the parties) had been paid; and that the plaintiff had, afterwards, ascertained that the assessments which he had asked to see, had not been paid, but the shares had been surrendered to, and accepted by, the corporation.

3. That if the books and records are not in the possession of the clerk at the time of the demand, it is his duty to explain why he cannot exhibit them; and to exhibit them within a *reasonable time* after their return.
4. The stockholders, being the owners of the corporate property, have the right, at common law, to examine and inspect all the books and records of the corporation, at all seasonable times; and our statute provides the method of enforcing such right.
5. While the defendant would not be liable if it were physically impossible for him to exhibit the books because of their removal by the directors, yet *the law exacts good faith in the discharge* of his duty, and, if he aided, assisted, or conspired with the directors in such removal, he would incur the penalty.

THIS case was tried by jury at the September Term, 1880. Plea, not guilty. ROYCE, J., presiding, ordered a verdict for the defendant, the plaintiff not desiring to go to the jury on the question whether the stock-ledger and transfer book were at the office of the corporation on the 18th day of July, 1876, when the demand and refusal were made. The facts bearing upon the questions discussed by the court are sufficiently stated in the opinion.

*A. G. Safford* and *H. C. Adams*, for the plaintiff.

*Edson, Cross & Start* and *Davis & Stevens*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff is a stockholder in the Iron & Steel Works at St. Albans. The defendant is the treasurer and recording officer of said corporation ; and this action is brought to recover the penalty, for withholding the inspection of the books and records of the corporation, imposed by the 8th section of chapter 86 of the Gen. Sts. The plaintiff demanded of the defendant inspection of the books and records, at his office on the 18th of July, 1876, at a proper hour. The defendant replied to the demand, either that he would not, or could not, exhibit the papers, or comply with the demand ; and declined any explanation.

It appeared in evidence that the defendant, prior to the 24th of April, 1876, had complained to the directors, as to the trouble he had had, in regard to the plaintiff's demand of the books and records of the company, and requested said directors to relieve him

of all responsibility in that matter ; whereupon said directors at that time appointed an executive committee, consisting of four of said directors, and passed a resolution : " That the whole matter of showing and exhibiting the books to the stockholders be left to the executive committee." The executive committee then re- moved said books to another place. All the entries in said books were made by the defendant.

The evidence tended to show that, as early as the 11th of Au- gust, 1876, said books were returned to the defendant's office, and were in his custody. The plaintiff had no notice from the defendant that he was ready or willing to comply with plaintiff's demand, until the 10th of January, 1877, when the counsel of said corporation informed plaintiff's counsel, on meeting, that the plaintiff was " at liberty, at any proper time, · . . . to examine the by-laws, books and records of the St. Albans Iron and Steel Works, at the treasurer's office, in St. Albans, to your (his) sat- isfaction." The plaintiff offered in evidence a book, called a ledger, in which appeared, among other things, a debit of assess- ments, and a credit of payments on said assessments against the stockholders, in connection with testimony tending to show that said ledger was, actually, at the office of the corporation, in the custody of defendant, July 18th, 1876, when the demand was made ; and with testimony tending to show that defendant made and kept entries of assessments, and payments thereon, of the stockholders ; and in connection with testimony tending to show that plaintiff had notified the defendant that he should want to see whether certain assessments (naming the parties) had been paid ; and with testimony tending to show, that the plaintiff had afterwards ascertained that, in fact, the assessments that he had asked to see had not been paid, but the shares had been surren- dered to, and accepted by, the corporation ; and particularly re- ferred to page 450 of said ledger to the end of the book. This testimony was excluded by the court ; and a verdict directed for the defendant. The shareholders in a corporation hold the fran- chise, and are the owners of the corporate property ; and as such owners they have the right, at common law, to examine and in- spect all the books and records of the corporation, at all season-

ble times ; and to be, thereby, informed of the condition of the corporation and its property. Our statute provides the method of securing and enforcing such rights. The statute is remedial ; it was enacted to secure rights and suppress fraud and wrong ; and should be so construed and enforced as effectually to carry out the purpose of the Legislature, and remedy the evil sought to be prevented.

The defendant was the recording officer of the corporation, and had the custody and use of the ledger, stock-ledger, and transfer book. The *statute* imposes upon such officer the *duty* of exhibiting to the stockholders such books, on proper and seasonable request. The *right* of the stockholder and the *duty* of the treasurer are correlative. What is the *right* of the one to have it is the *duty* of the other to yield. The duty being cast upon the defendant by *law*, it is an incident of his office, and he cannot be relieved from that duty by a by-law of the corporation, while he continues the recording officer, and has the legal custody of the books and records. It is to be noted that the resolution of the directors does not assume to deprive the defendant of the custody and control of the records and books ; but the matter of *exhibiting* said papers to the stockholders is committed to an executive committee. The defendant was not relieved from the duty which the law imposed. But if the custody of the papers and records were taken from the defendant by the act of the directors, the defendant would not incur a penalty for not doing what was, physically, impossible for him to do. Whether there would be redress against the directors who should wilfully prevent a subordinate from the performance of a legal duty to the stockholders, the present phase of the case does not require us to discuss. There was testimony tending to show that the defendant was resolved not to show the records to the plaintiff ; and that he informed the plaintiff's counsel that he *would* not do it even if so directed by the directors of the company. If the books and records were placed in the keeping of the committee for the sinister and illegal purpose of preventing the plaintiff from having access to them, and the defendant conspired with the committee to that end, and aided, advised, and assisted in such wrongful act

Lewis v. Brainerd.

that he might shirk a duty he owed the plaintiff, he would, doubt-less, be liable under this statute.   For he would not be permitted to take advantage of his own wrongful act to screen himself from the performance of his duty.   When the plaintiff, in the exercise of a right, requested the defendant to exhibit to him the books and records, if the books were not in his custody, nor within his reach, it was the defendant's duty if unable to comply with such request, to explain to the plaintiff where the books could be found;   and the reason why he could not exhibit them to the plaintiff.   Whether the reply to the plaintiff's request was, that he *would* not or *could* not, the impression conveyed thereby to the plaintiff would probably be the same—that he would not, or could not comply with the request because he had not the will to do so. The plaintiff had the right to presume, as the law presumed, that the defendant had the custody and possession of the books and records called for ;   and as defendant gave no intimation to the contrary, the plaintiff had the right to presume that the defendant purposely withheld them.   When the books came back into the care and custody of the defendant, as the evidence tends to show they did as early as the 11th of August, and there was no obsta-cle in the way of complying with the plaintiff's demand, it became the duty of the defendant in a reasonable time to signify to the plaintiff that he was able and willing to comply with his request, and, failing to do so, he would ordinarily be held as voluntarily and persistently denying and refusing the plaintiff's lawful re-quest.   The law exacts good faith and honest endeavor in the discharge of a duty.   The plaintiff made a proper and legal re-quest which it was the duty of the defendant to accord to him. The plaintiff was not, in duty, bound to do more.   If there were obstacles that barred the defendant from the discharge of his duty at the time, the defendant should have proffered the performance when such obstacle was removed ;   and, especially if he gave the plaintiff to understand that he declined to allow the plaintiff to inspect such books and records, he would incur the forfeiture of the statute if he did not proffer compliance within a reasonable time after obstacles were removed, and he had the ability to do so.   We think, also, that the book called the "ledger" was one

of the books that the plaintiff had the right to inspect ; and that the exclusion of such books and the evidence offered in connection with it was error. When all the legal evidence is before the jury, it will be for them to determine under a proper charge from the court, whether the defendant did " wilfully neglect or refuse to exhibit such records in his possession " which the plaintiff called for, and had the right to inspect.

The exclusion of the testimony tending to show " that a short time previous to July 18, 1876, the defendant said that he would not show the books even if the directors should order him to do so ; also that after that date the defendant repeatedly informed plaintiff's attorney that when he got ready to show the books he would let him know, we think was error. It had a bearing upon the chief inquiry in the case, whether the books were withheld from the plaintiff by the voluntary agency of the defendant.

The judgment is reversed, and cause remanded.