THE STATE OF MISSOURI *ex rel.* SILAS M. DOYLE,
Appellant, v. J. C. LAUGHLIN *et al.*,
Respondents.

Kansas City Court of Appeals, April 17, 1893.

1. **Corporations:** BANKS AND BANKING: STOCKHOLDER'S RIGHT OF
INSPECTION: COMMON-LAW: STATUTE. The right of a stockholder to
examine and inspect all the books and record of a corporation and be
informed of its condition is a common-law right and is in no wise
impaired by the statute, but expressly declared to exist.

2. ——: ——: ——: CONSTRUCTION OF STATUTE. The statute
requiring the transfer books to be open for inspection during business
hours for twenty days previous to elections is not a limitation on the
stockholder's right of inspection, as it is in affirmance and not in
derogation of the common law, and the maxim, *expressio unius*, etc.,
does not apply.

3. ——: ——: ——: ——. The section of the statute forbid-
ding one to be a director in more than one bank at a time, etc., does
not encroach upon the stockholder's common-law right of examination.

4. ——: ——: ——. The right of inspection of corporate books
is not at common law or under the statute dependent upon the pur-
pose of the stockholder in the exercise of the right, and, while it may
be controlled by regulation, it cannot be regulated out of existence.

*Appeal from the Bates Circuit Court.*—HON. JAMES H.
LAY, Judge.

REVERSED AND REMANDED.

*P. H. Holcomb,* for appellant.

(1) Growing out of the relation which the share-
holder sustains to the corporation and corporate prop-
erty and to the directors, as the mere agents or trustees
of the corporation, we maintain his right at all reason-
able times and in all reasonable ways, and for all reason-
able purposes, to have an inspection of the books of the

corporation. In this view of the law, we are sustained by the best elementary writers. 1 Morawetz on Corporations, sec. 473; Boone on Corporations, sec. 157, note 3; High on Mandamus, secs. 308, 310; Angell & Ames on Corporations, secs. 280, 681, 707; Cook on Stock and Stockholders & Corporation Law, sec. 511, and sections following; *Commonwealth v. Phœnix Iron Co.*, 105 Pa. St. 111; s. c. 51 Am. Reps. 183; *Martin v. Bienville Oil Works*, 28 La. Ann. 204; *People v. Throop*, 12 Wend. 183; *Ranger v. Champion C. P. Co.*, 51 Fed. Rep. 61; *People v. Eadie*, 18 N. Y. 53; *Huyler v. Cragin Cattle Co.*, 40 N. J. Eq. 392; *Bank v. Hunt*, 76 Mo. 439, p. 445; *State ex rel. v. Railroad*, 29 Mo. App. 301; *State ex rel. v. Sportsman's Park*, 29 Mo. App. 326; Cook on Stock and Stockholders, ch. 30, to which special reference is made. (2) The stockholder's right to examine is not abrogated or in any way affected by sec. 2503 of the Revised Statutes. This statute simply recognizes a right which already existed at common law, and superadds a guaranty of its enforcement. This question is so determined in *People v. Eadie*, 18 N. Y. S. 53; s. c. 30 N. E. Rep. 1147. By-laws must be conformable and subordinate to the charter, and must be reasonable. *St. Luke's Church v. Mathews*, 6 Am. Dec. 610. (3) The motive of relator, in wishing to make the examination of the books, cannot be impugned or inquired into by respondents, so long as his request is reasonable, and such inspection would not interfere with the business of the bank. Cases cited *supra;* 29 Mo. App. 301 and 326. (4) The sole question is, does the law confer this right upon the stockholder? Does the right exist? It is no answer to this question to say: "No, because such a power would be liable to abuse." The exercise of any right or power is liable to the same objection. 1 Story on the Constitution, sec. 425; Story on the Constitution, ch. 7.

*Silvers & Silvers,* for respondents.

(1) We insist that, when the legislature provided that no one man could be a director in more than one bank at the same time, nor owner of capital stock in a private bank and director in another bank at the same time, this provision was made for the protection of the banking business, and to preserve the secrecy necessarily incidental to the business. Sec. 7448, Revised Statutes, 1889. To permit relator to compel what he asks to be done in this case would be virtually to annul and repeal the statute. (2) At the most, the appellant contends for what we might term a private right. No question of public duty is involved. In all such cases the issual of the writ or the refusal to do so is discretionary with the court where the application is made. 14 American & English Encyclopedia of Law, p. 97; *People v. Ferquer,* Breese (Ill.) 104, 587; *Oaks v. Hill,* 8 Pick. (Mass.) 47; *Com. v. People,* 99 Ill; *Sherburne v. Herrel,* 45 Mich. 160. (3) When the statute creating and the by-laws governing the corporation are silent as to the duties of respondents, two things are essential requisites to be shown in the petition before the writ should issue. *First.* A legal duty imposed on respondent to do what is asked to be done. *Second.* A pecuniary injury to relator by reason of the failure of respondent to perform the duty. *People v. Ben. Ass'n,* 98 Ill. 635; *Hatch v. Bank,* N. O. 1 Rob. (La.) 470; High on Extraordinary Legal Remedies, sec. 310; *State ex rel. v. Mfg. Co.,* 21 Mo. App. 526; *State ex rel. v. Sportman's Park,* 29 Mo. App. 326. (4) The law places the management of the bank in its board of directors. It is left to their discretion whether they will permit a stockholder to investigate the affairs of the bank or not. The law creating the bank nowhere makes it a legal duty incumbent on them,

and, where the law has clothed them with this discretion, *mandamus* will not lie to control this discretion unless shown to have been abused.   14 American & English Encyclopedia of Law, p. 99, note 1, and authorities cited.   (5) As to business corporations, organized under article 8, of the general chapter on corporations, there can be no doubt that a stockholder can compel the directory to give him access to the books, if refused, because the statute governing this class of corporations has provided that he should have access to the books "to examine them, under such regulations as may be · prescribed by the by-laws."   Revised Statutes, 1889, sec. 2774.   But there is no such provision in article 7 governing state banks.   The only provision relating to banks is found in article 7, of the state law of corporations, which provides that the books in which the transfer of stock is registered, and in the books containing the names of stockholders, shall be open for the inspection of shareholders, during business hours for thirty days previous to an election of directors. Revised Statutes, sec. 2503.   These provisions seem to cover the legislative intent and to limit the stockholders'· rights to inspect all the books of a corporation to business corporations, organized under article 8, aforesaid, and to confine his inspection in other corporations to the books mentioned in section 2503. The rule, *expressio unius est exclusio alterius*, we think, applies in the construction of the above statute, and, if so, is decisive of the issue in favor of respondent.

SMITH, P. J.—This is a proceeding by *mandamus*. The relator is a private banker (section 2763), carrying on the business of banking in the village of Rockville, Bates county, and the respondents are the directors and three of whom are the executive officers of the Bank of Rockville, a corporation organized under the provisions

of article 7, chapter 42, Revised Statutes, also carrying on a like business in the same village. The capital stock of the said incorporated bank is $10,000 divided into one hundred shares of $100 each, and of which stock the relator is the owner of twenty-five shares. The relator as such stockholder requested of the respondents, as directors and officers of said bank, the privilege of examining the books of said bank for the sole purpose of acquainting himself with the condition of its affairs and how the same was managed, which request was refused the relator by respondents on the ground as we are informed by their return to the alternative writ that the said bank occupies such a confidential and trust relation towards its customers and depositors that it would be a breach of duty on the part of respondents to open up the books of the bank for the inspection by the relator.

The right of a stockholder to examine and inspect all the books and records of a corporation at all seasonable times and to be thereby informed of the condition of the corporation and its property is a common-law right. Cook on Stock, Stockholders & Corporations, sec. 511; Angell & Ames on Corporations, sec. 681; *Lewis v. Bernard*, 53 Vt. 519; *Commonwealth v. Phoenix Iron Co.*, 105 Pa. St. 111; *Huylar v. Cattle Co.* 40 N. J. Eq. 392; *Boderick v. Wilson*, 8 Baxt. (Tenn.) 108; *Banger v. Cotton Press*, 51 Fed. Rep. 61; *Martin v. Boonville Oil Works*, 28 La. Ann. 204; Boone on Law of Banking, sec. 235. And the existence of this right under the common law has been fully recognized in this state. *Bank v. Hunt*, 76 Mo. 439; *State ex rel. v. Railroad*, 29 Mo. App. 301; *State ex rel. v. Sportsman's Park Ass'n*, 29 Mo. App. 326. There is no provision of the statute in relation to corporations that in any way impairs this right. On the contrary the right of a stockholder in an incorporated manufactur-

ing business company is expressly declared by statute to exist.   Revised Statutes, sec. 774.   But the respondents contend, that section 2503, Revised Statutes, which provides that the books in which transfers of stock are registered and the books containing the names of the stockholders shall be kept for their inspection during business hours for twenty days previous to the election of directors, is a limitation on the stockholder's right of inspection.   In support of this contention respondents invoke the application of the principle of the maxim, *expressio unius est exclusio alterius*.   If this statute was in derogation of the common law instead of declaratory of it as is the case, or, to state the matter in another way, if the common law denied the right of inspection by the stockholder, then the statute would be in derogation of it and the rule of construction for which the respondents contend would be applicable. The further contention of the respondents, that section 7448, Revised Statutes, which provides that no one shall be director in more than one bank at the same time nor owner of capital stock in a private bank and director in another bank at the same time, is a provision by which the lawmakers intended to protect and preserve the secrets necessary and incidental to the successful management of the banking business, is wholly without force.   These statutory prohibitions it is plain to be seen do not in any way encroach upon the stockholder's common-law right of examination.   The two are not inconsistent.

It is quite obvious therefore that the relator has a clear right to examine the books of the bank in question.   And though the relator in his application for the alternative writ took the precaution to state the purposes for which he sought to exercise the right of inspection, this upon principle we think was unnecessary. If the right of inspection of the corporate books exists,

whether under the statute or at common law, the purpose of the exercise of the right is immaterial. *State exrel. v. Sportsman's Park*, 29 Mo. App., *supra*. Because the right may be made the subject of abuse does not prove that it does not exist. The manner in which it may be exercised might well be regulated by the by-laws of the corporation. Such regulations would, of course, have to be reasonable. The right could not be regulated out of existence.

The ground of the refusal of the relator's request as set forth in the respondents' return, in our opinion, constitutes neither justification nor excuse therefor. The duty of the directors and executive officers of a bank, under the law as we have stated it to be, is to permit the examination of the books of the bank upon proper and reasonable request of the stockholder. The right of the stockholder and the duty of the directors and executive officers are correlative. What is the right of the one to have is the duty of the other to yield. It results that the trial court erred in overruling the relator's demurrer to the respondents' return, and in giving judgment thereon for the respondents.

The judgment will therefore be reversed and the cause remanded. All concur.