CHARLES W. VARNEY *vs.* MADISON M. BAKER & another.

Suffolk.    December 11, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Corporation.    Mandamus.*

Under the common law of this Commonwealth the stockholders of a corporation
when acting in good faith for the purpose of advancing the interests of the
corporation and protecting their rights as owners should be permitted to exam-
ine the corporate property including the books and accounts.

The common law right of a stockholder of a corporation to examine its books and
accounts is not an absolute one, and will not be enforced by a writ of man-
damus for purposes of mere curiosity or of speculation or vexation. Upon an
application for the writ the court will consider whether the petitioner's desire
for an examination is reasonable in reference to the interests of the corporation
and those of the petitioner as a member of it.

On a petition by a stockholder of a corporation for a writ of mandamus to obtain
an examination of its books of account, if it appears that the petitioner is the
owner of eighty out of three hundred and fifty shares constituting the capital
stock, that the corporation three or four months before the filing of the petition
lost several thousand dollars, although its officers testify that at the time of the
hearing the corporation is in a prosperous condition, that the petitioner believes
that the corporation is being mismanaged and desires in good faith to examine
its books and records for the purpose of ascertaining its condition and the value
of its stock, and if it also appears that an examination can be conducted with-
out interfering unduly with the business of the corporation, although it is not
proved that there is any mismanagement in fact or any incapacity on the part
of the managing officers, the petitioner should be permitted to examine the
books in accordance with his request, and such an examination includes the
right to have the assistance of an expert, or other person, if he desires to make
transcripts from the books for subsequent use.

St. 1903, c. 437, § 30, giving to a stockholder in a corporation the right to inspect
- its records and its stock and transfer books, has no application to the corpora-
tion's books of account and deposit.

KNOWLTON, C. J.    This is a petition for a writ of mandamus
to obtain an examination of the books of account of the defend-
ant corporation.*    The petitioner is the owner of eighty shares
of the capital stock of the corporation, the whole number of
shares being three hundred and fifty.    The respondent Baker
admitted that he told the son of the petitioner, three or four

* The Baker Shoe Company, a corporation organized under the general laws
of Massachusetts.

months before the petition was filed, that the company had lost several thousand dollars. The truth of the statement was not denied, although officers of the company testified that at the time of the hearing, the company was in a prosperous condition.

The single justice who heard the case found that the petitioner honestly believes that the company is being mismanaged, and desires in good faith, for the protection of his interest in the corporation, to examine the books and records of the company for the purpose of ascertaining its condition and the value of its stock, and of determining what to do with his stock, and whether there has been mismanagement of the corporation, and if so, what effect it has had upon the assets and business of the corporation, in order that he may be enabled to bring a bill in equity for the appointment of a receiver, or to take other proper proceedings for the benefit of the corporation and of his interest therein. He also found that an examination could be conducted without interfering unduly with the business of the corporation. It was not proved to the satisfaction of the justice that there was any mismanagement in fact, or any incapacity on the part of the managing officers. The justice reserved the case for our determination, and his report presents the question of law whether, on these facts, the petitioner should have an opportunity to examine the books of account and deposit of the corporation, and if so, to what extent.

The stockholders of a corporation are the equitable owners of its assets, and the officers act in a fiduciary relation as agents of the corporation and of the stockholders. They should be ready to account to the stockholders for their doings at all reasonable times, and the stockholders have a right to inspect their records and accounts, and to ascertain whether they are faithful, honest and intelligent in the performance of their duties. There is no good reason why the stockholders, acting in good faith for the purpose of advancing the interest of the corporation and protecting their rights as owners, should not be permitted to examine the corporate property, including the books and accounts.

It was formerly held in England that this right could be exercised, against the will of the managing officers, only when there

was a specific dispute about some corporate matter, between the stockholders and the officers. *Rex* v. *Merchant Tailors' Co.* 2 B. & Ad. 115. But this rule has been modified by statute. See St. 8 & 9 Vict. c. 16, §§ 117, 119, and St. 25 & 26 Vict. c. 89, Table A 78. The doctrine has not been adopted in America, the cases which go furthest in that direction holding that a dispute as to the alleged mismanagement of the corporation is enough to entitle the stockholder to an examination of the accounts to see whether there is a ground for an action. *Commonwealth* v. *Phœnix Iron Co.* 105 Penn. St. 111. *Phœnix Iron Co.* v. *Commonwealth*, 113 Penn. St. 563. According to the general rule in this country, it is not necessary that there should be any particular dispute to entitle the stockholder to exercise this right. Nothing more is required than that, acting in good faith for the protection of the interests of the corporation and his own interests, he desires to ascertain the condition of the company's business. *Guthrie* v. *Harkness*, 199 U. S. 148. *In re Steinway*, 159 N. Y. 250. *Huylar* v. *Cragin Cattle Co.* 13 Stew. (N. J.) 392. *State* v. *Pacific Brewing & Malting Co.* 21 Wash. 451. *Cockburn* v. *Union Bank of Louisiana*, 13 La. Ann. 289. *State* v. *Laughlin*, 53 Mo. App. 542. *Heminway* v. *Heminway*, 58 Conn. 443. See *Union Bank* v. *Knapp*, 3 Pick. 96, 108.

Of course the right at common law is not absolute, so that it can be exercised for mere curiosity, or for merely speculative purposes, or vexatiously. If the court is appealed to for the enforcement of the right, a sound discretion will be exercised to determine whether the petitioner is acting for an honest purpose, not adverse to the interests of the corporation. The court will consider whether his desire for an examination is reasonable, having reference to the interests of the corporation and his personal interest as a member of it. Its effect upon the corporation in reference to competitors and other interests will not be disregarded. But as was stated in *Dunphy* v. *Traveller Newspaper Association*, 146 Mass. 495, " Courts of equity are swift to protect helpless minorities of stockholders of corporations from the oppression and fraud of majorities."

In the present case the findings of the justice show that the petitioner should be permitted to examine the books in accordance with his request. His right to such an examination in-

cludes the right to have the assistance of an expert, or other person, if he desires to make transcripts from the books for subsequent use.

There is nothing in our statutes which enlarges or diminishes this right as it exists at common law. The provision of the St. 1903, c. 437, § 30, relates only to the copies, books and records therein referred to, and is not applicable to the present case.

*Peremptory writ of mandamus to issue.*

The case was submitted on briefs.

*H. T. Lummus & C. N. Barney*, for the petitioner.

*S. R. Jones*, for the respondents.