JOSEPH A. BUTLER *vs.* GEORGE J. MARTIN & another.

Suffolk.   December 7, 1914. — February 25, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Corporation,* Stockholder's right to inspect books and records. *Mandamus.*

On a petition by a minority stockholder in a Massachusetts manufacturing corporation against the corporation and the holder of a majority of its stock, who also was its president and treasurer, for a writ of mandamus commanding the respondents to permit the petitioner to inspect the books and records of the corporation, the petitioner's alleged purposes in seeking the examination were to enable him to determine whether to sell the stock and to determine whether there had been mismanagement of the business. On the first ground it appeared that by a provision in the agreement of association a stockholder desiring to sell any common stock must offer it to the corporation at its book value as shown by the company's books at the time of stock taking next preceding the date of the offer. It further appeared that the corporation was practically a "one man" company controlled by the individual respondent. On the second ground an auditor, after stating that the profits certified to by the corporation in the second year preceding the petition had been $12,000 and that in the year immediately preceding the petition they had been only $2,100, found that "this falling off is so large that a stockholder might well consider that it called for investigation." The justice who heard the case on the auditor's report made an order for the issuing of the writ of mandamus. *Held,* that the justice was warranted in ordering the issuing of the writ.

Upon a petition of a minority stockholder in a corporation for a writ of mandamus against the corporation and the holder of a majority of its stock, who also was its president and treasurer and controlled the corporation as practically a "one man" company, for a writ of mandamus commanding the respondents to permit the petitioner to inspect the books and records of the corporation, the fact, that the petitioner's request is connected with a controversy between him and the individual respondent as to an alleged agreement of that respondent to buy back the petitioner's stock, will not prevent the court from issuing the writ to enforce the right of inspection, if it appears that the petitioner is acting in good faith and that his purpose is not hostile to the interests of the corporation.

PETITION, filed on September 1, 1914, by a minority stockholder in the Martin Manufacturing Company, a corporation organized under the laws of this Commonwealth engaged in the manufacture of textiles and particularly of lace curtains, for a writ of mandamus addressed to that corporation and to George J. Martin of Newton, its president and treasurer and the

holder of a majority of its stock, commanding the corporation and Martin to produce for examination and to permit the petitioner and his agents and attorneys to examine all the books and records of the corporation and to make copies and abstracts thereof under such regulations as the court might prescribe.

The case was referred to an auditor, who filed a report containing among other findings those which are stated in the opinion.

The case was heard by *Hammond, J.,* upon a motion of the petitioner that the auditor's report might be confirmed and that a writ of mandamus might issue as prayed for.

The respondents asked the justice to rule that upon the auditor's report the petitioner had not made out a case which entitled him to a writ of mandamus. The justice refused to make this ruling, and ordered that a writ of mandamus should issue. The respondents alleged exceptions.

The case was submitted on briefs.

*F. P. Garland,* for the respondents.

*C. H. Tyler, B. Corneau & B. E. Eames,* for the petitioner.

DE COURCY, J. The petitioner owns one hundred and seventy-seven shares of the capital stock of the respondent corporation, for which he paid $20,000; and the respondent Martin, who is president and treasurer, owns seven hundred and eighty of the twelve hundred and fifty shares outstanding. The petitioner's alleged purpose in seeking to examine the books of account and deposit and the records of stock takings is (1) to ascertain the real value of his stock in order to determine whether to sell it, and if so for what price, and (2) to determine whether there has been mismanagement of the business, and to enable him to take proper proceedings for the benefit of the corporation and of his interest therein, if he discovers facts that justify such action.

In support of the second ground, it appears from the report of the auditor that according to the certificates of condition filed at the State House the corporation made a profit of $12,000 for the fiscal year ending June 1, 1913, while for the year ending June 1, 1914, it made a profit of only $2,100. After setting forth these facts the auditor says: "It may well be that the falling off in earnings of this corporation during the last year is not at all due to mismanagement or waste; but, in my opinion this falling off is

so large that a stockholder might well consider that it called for investigation."

With reference to the first ground, the provision in the agreement of association regarding the disposition of shares of stock is important. According to this, if the petitioner desires to sell any of his common stock he must offer it to the corporation at the book value as shown by the company's books at the time of stock taking next preceding the date of the offer. This provision makes the stockholder particularly interested in the correctness of the company's bookkeeping. Further, the individual respondent, by virtue of his controlling interest in the stock, has full command of the business of what is practically a "one man" company, as well as the custody of its books, and the petitioner, as a minority stockholder, is placed at a disadvantage in the sale of his stock.

It is urged that there has been a controversy between Butler and Martin as to an alleged agreement by Martin to buy back the petitioner's stock; and the auditor intimates that the petitioner's request to examine the books is connected with that disagreement. Probably it is the usual case that these applications are made by stockholders who are dissatisfied for some reason. That fact will not prevent the court from enforcing the right of inspection unless the purpose of the stockholder is hostile to the interests of the corporation, or his motive is to promote some ulterior purpose of his own apart from his interests as a stockholder. 42 L. R. A. (N. S.) 332, note. In this case it must be inferred from the fact that the single justice made an order for the writ to issue that he found that the petitioner is acting in good faith.

The common law right of inspection by a stockholder is a qualified and not an absolute one, and its enforcement by mandamus is discretionary with the court. It is clear however that on the facts presented the single justice was warranted in ordering that the writ should issue as prayed for. *Varney* v. *Baker*, 194 Mass. 239.

The statutory right of inspection provided by St. 1903, c. 437, § 30, is not involved in this case. See *Powelson* v. *Tennessee Eastern Electric Co., post,* 380.

The justice rightly declined to give the ruling requested.

*Exceptions overruled.*