### W. V. N. POWELSON & another *vs.* TENNESSEE EASTERN ELECTRIC COMPANY & others.

Suffolk.    November 20, 1914. — February 27, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Corporation,* Stockholder's right to inspection of books, Voting trust.  *Equity Jurisdiction.*

A stockholder of a Massachusetts corporation, in availing himself of the privilege given by St. 1903, c. 437, § 30, to inspect the stock and transfer books of the corporation, has a right to have his attorney with him to take part in the inspection, and they have a right to make such written memoranda or copies as they require.

*Whether* one of three persons who hold shares of the capital stock of a Massachusetts corporation solely as trustees under a voting trust, by reason of such ownership and of the fact that he is the owner of a large number of the voting trust receipts, may maintain a bill in equity under St. 1903, c. 437, § 30, to compel the corporation and its officers to allow him to examine its stock transfer books, was not decided in this case, in which a stockholder in his own right had been allowed to intervene as a party plaintiff.

*Whether* a stockholder of a Massachusetts corporation is entitled, under St. 1903, c. 437, § 30, to examine the stock and transfer books of the corporation irrespective of his motive or purpose in so doing, was not decided in this bill in equity to enforce such a right, because, on an inspection of the record, it seemed reasonable to infer that the single justice who heard the case was satisfied that the plaintiff was acting in good faith.

BILL IN EQUITY, filed in the Supreme Judicial Court on August 27, 1914, seeking to compel the defendant corporation and its officers to permit the plaintiff to inspect its stock and transfer books.

The Tennessee Natural Development Company, seeking the same relief, was allowed to intervene.

The case was heard by *Hammond,* J.  The following facts were found by him:

The counsel for the defendants contended that the order prayed for in the original petition should not issue because, as they contended, the plaintiff was not a stockholder of the defendant company, and because his motive in asking for an inspection of the stock and transfer books of the company was an improper one. They also contended that the order prayed for by the intervening petitioner should not issue because, as they contended, the intervening petitioner was a corporation dominated and controlled by the plaintiff Powelson, and that it was seeking to acquire the information asked simply in order that Powelson might make use of it.

"It was contended, as alleged in the defendants' answer, that by reason of previous litigation between the petitioner and this company, as detailed in the answer, the bill was brought for the purpose of spite and revenge. It was orally contended by counsel for the defendants, who offered to show the same, that the bill was also brought with the intent to injure the defendant Warner and his partners in their standing with their customers, who were the purchasers of practically all of the preferred stock of the defendant company.

"It was admitted by the counsel for the defendants that the defendant company is a Massachusetts corporation with an authorized capital stock of 22,500 shares of the par value of $100 each; that of an authorized issue of 7500 shares of preferred stock of a par value of $100 each, 6000 shares have been issued and sold by Warner, Tucker & Company to about two hundred of their customers, who still hold the same; that of an authorized issue of 15,000 shares of common stock of the par value of $100 each, 13,400 shares have been issued; that the intervening petitioner was the owner, on the books of the company, of 10 shares of the common stock of the defendant company, for all of which it had paid full value; that, except for these 10 shares, all the common stock of the defendant company stood on the books of the defendant company in the name of three voting trustees, in accordance with the terms of the voting trust agreement* annexed to the answer; that the plaintiff was one of said voting trustees of this common stock, and the owner of 3745 voting trust receipts

---

* This document was not in the record before this court.

of the par value of $100 each, for all of which he had paid full value, and that these voting trust receipts represented the beneficial interest in 3745 shares of the common stock of the defendant company; that separate demands in behalf of the plaintiff and the intervening petitioner were duly made at the office of the company, during business hours, to inspect the stock and transfer books of the company by persons duly authorized thereto by them, and that both such demands were refused.

"The counsel for the defendants further stated that the defendants were perfectly willing that the plaintiff and the intervening petitioner should inspect the stock and transfer books containing a complete list of all stockholders, with their residences and the amount of stock held by each, providing that they would not make or take away any copies thereof.

"Upon consideration of the matter, and notwithstanding all that had been said by the counsel for the defendants, which I understood to be, in substance, — that by reason of previous litigation and trouble between Powelson and this company, Powelson desired to change the administration of the company, and desired the prayers of the bill granted for that purpose, which the counsel for the defendants thought an improper motive, and that Powelson further desired it for the purpose of spite and revenge, — I ruled that both the plaintiff and the intervening petitioner should have the right to make the inspection prayed for, and that, if they could not hold what they found by the full force of memory, they should have the right to such aids in the way of written memoranda as they required."

The single justice reported the case to the full court for determination.

The case was submitted on briefs.

*J. L. Hall & S. C. Rand,* for the plaintiffs.

*L. A. Ford & R. H. Holt,* for the defendants.

DE COURCY, J.    This is a bill in equity under § 30 of the business corporation law, St. 1903, c. 437, seeking an inspection of the stock and transfer books of the defendant corporation. It is provided in that section that "The stock and transfer books of every corporation, which shall contain a complete list of all stockholders, their residences and the amount of stock held by each, shall be kept at an office of the corporation in this Commonwealth

for the inspection of its stockholders." Liability for damage caused by a refusal to exhibit the books, etc., is specified; and the section concludes as follows: "The Supreme Judicial Court or the Superior Court shall have jurisdiction in equity, upon petition of a stockholder, to order any or all of said copies, books or records to be exhibited to him and to such other stockholders as may become parties to said petition, at such a place and time as may be designated in the order."

The preliminary objection that Powelson, as one of the three voting trustees, cannot exercise the rights of a stockholder under the statute need not be considered. It is admitted that the intervening petitioner, the Tennessee Natural Development Company, was the owner of ten shares of the common stock of the defendant corporation, that it duly made a demand to inspect the stock and transfer books of the Electric Company, and that the demand was refused. It has become a party to the suit and can invoke the statute. Hereinafter it will be referred to as the plaintiff.

It is settled that the common law right of a stockholder to inspect the books of a corporation is a qualified and not an absolute right. *Varney* v. *Baker,* 194 Mass. 239. Where the right has been given by statute it has been decided in many jurisdictions that unless the statute imposes restrictions or limitations, the right is absolute, and the motive or purpose of the stockholder in seeking to exercise it is not the proper subject of judicial inquiry. *Foster* v. *White,* 86 Ala. 467. *Hobbs* v. *Tom Reed Gold Mining Co.* 164 Cal. 497. *Venner* v. *Chicago City Railway,* 246 Ill. 170. *White* v. *Manter,* 109 Maine, 408. *Henry* v. *Babcock & Wilcox Co.* 196 N. Y. 302. *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 189. *Kimball* v. *Dern,* 39 Utah, 181. *Holland* v. *Dixon,* 37 Ch. D. 669. *Davies* v. *Gas Light & Coke Co.* [1909] 1 Ch. 708. 20 Ann. Cas. 612, note. Ann. Cas. 1913 E, 173, note.

The scope of our statute is narrower than the common law right of inspection, as it deals only with the records, stock and transfer books. The present application is confined to the stock and transfer books and is made for the alleged purpose of obtaining a complete list of the stockholders and their residences. The right of a stockholder to obtain this information has been recognized by the Legislature of this Commonwealth since 1858.

See St. 1858, c. 144; Gen. Sts. c. 68, § 10; Pub. Sts. c. 105, § 21; R. L. c. 109, § 32. And by R. L. c. 110, § 51, every business corporation, excepting banks, steam and street railway and insurance companies, was required to make and file annually in the office of the Secretary of the Commonwealth a certificate, stating, among other things, the name of each shareholder and the number of shares standing in his name. Such certificates were considered as recorded, and were kept in book form convenient for reference. See 1 Opinions of the Attorneys General, 278. The language of St. 1903, c. 437, § 30, and the history of the legislation on the subject indicate that the stockholder's right to know the names, addresses and extent of interest of his associates in the common enterprise, who with him must elect directors to manage the business of the company, is an absolute right.

As we construe the report, however, it is not necessary to decide whether a stockholder is entitled to the relief here asked for regardless of his motive or purpose. The single justice, after hearing the parties, ruled that the plaintiff should have the right to make the inspection prayed for. It is reasonably to be inferred that he was satisfied that the plaintiff was acting in good faith. The fact, if it is a fact, that Powelson, by reason of previous litigation, desires to change the administration of the company, and has instituted these proceedings with that in view, is entirely consistent with an honest belief that a change in management and policy will advance the interests of the corporation and his own rights as a stockholder. *Varney* v. *Baker,* 194 Mass. 239. *State* v. *Donnell Manuf. Co.* 129 Mo. App. 206. *Richardson* v. *Swift,* 7 Houst. (Del.) 137. *Phœnix Iron Co.* v. *Commonwealth,* 113 Penn. St. 563. *State* v. *Monida & Yellowstone Stage Co.* 110 Minn. 193, 200.

The right of the plaintiff to be represented by a duly authorized attorney as incidental to the right of inspection has not been questioned. See *White* v. *Manter,* 109 Maine, 408; *Foster* v. *White,* 86 Ala. 467; 10 Cyc. 958, note. And the ruling of the single justice authorizing the plaintiff to make written memoranda or copies of the stock and transfer books is in accord with sound reason and authority. *People* v. *Consolidated National Bank,* 105 App. Div. (N. Y.) 409. *Cincinnati Volksblatt Co.* v. *Hoff-*

*meister,* 62 Ohio St. 189.     *State* v. *Bienville Oil Works Co.* 28 La.
Ann. 204.     *Henry* v. *Babcock & Wilcox Co.* 196 N. Y. 302.     *State*
v. *German Mutual Life Ins. Co.* 152 S. W. Rep. 618.     *Mutter* v.
*Eastern & Midland Railway,* 38 Ch. D. 92.

The order for inspection is to issue as prayed for.  The details
as to time and manner will be designated in the order as settled
by a single justice.

*Ordered accordingly.*