GEORGE C. SHEA *vs.* J. EARLE PARKER & another.

Suffolk. October 24, 1919. — February 3, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Corporation,* Right of stockholder to inspect books. *Equity Jurisdiction,* To enforce stockholder's right to inspect corporate records.

Under St. 1903, c. 437, § 30, a stockbroker who is a stockholder in a Massachusetts business corporation has a right fully to examine the stock and transfer books of the corporation, to make copies and transcripts therefrom and to employ counsel and copyists to assist him in accomplishing that object, although his only purpose in doing so is to use the information, thus obtained, in his business as a stockbroker to enable him, when inquiries are made by prospective purchasers, to ascertain if any of the shares of stock of the corporation were for sale and in "broadening the market for the stock."

BILL IN EQUITY, filed in the Supreme Judicial Court on March 12, 1919, under St. 1903, c. 437, § 30, to compel the defendant, clerk of Nonquitt Spinning Company, a Massachusetts business corporation, to produce for examination, and to permit the plaintiff or his attorney, with as many assistants as may be necessary, to examine all the stock and transfer books of the corporation and to take

copies and abstracts therefrom, upon such conditions as the court may prescribe, and that the defendants be ordered to furnish such facilities and such assistance in such examination as the court might deem proper.

The suit was heard by *Braley,* J. Facts found by the single justice are described in the opinion. Having found the facts, the single justice reported the case for determination by the full court.

*J. G. Bryer,* for the plaintiff.

*G. R. Nutter,* for the defendants.

BRALEY, J. By St. 1903, c. 437, § 30, ". . . The stock and transfer books of every corporation, which shall contain a complete list of all stockholders, their residences and the amount of stock held by each, shall be kept at an office of the corporation in this Commonwealth for the inspection of its stockholders. . . . If any officer or agent of a corporation having charge of such ·. . . books . . . refuses or neglects to exhibit them or to submit them to examination . . . he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, and the Supreme Judicial Court or the Superior Court shall have jurisdiction in equity, upon petition of a stockholder, to order any or all of said . . . books . . . to be exhibited to him and to such other stockholders as may become parties to said petition, at such a place and time as may be designated in the order."

The plaintiff as owner of a single share of the defendant company, a domestic corporation, made application to the clerk, the defendant Parker, for permission to examine the stock ledger and transfer books at the office of the transfer agent. But while permitted to make an examination of a list of the shareholders, the clerk refused to allow him to take any copies or make any memoranda in writing of their contents. The refusal having been made final in a letter of the clerk to his counsel, the plaintiff brought the present bill in equity under the statute, to obtain a decree commanding the defendant to produce for examination, and to permit the plaintiff or his attorney with as many assistants as might be requisite to examine all of the stock and transfer books; and to take copies and abstracts therefrom upon such conditions as the court prescribed. The defendant contends, that because the information sought is solely for the plaintiff's use as a stockbroker to enable him

when inquiries were made by prospective purchasers to ascertain if any of the shares were for sale, and in "broadening the market for the stock," the right conferred by the statute is not an absolute right but is to be exercised only in the sound discretion of the court.

It is settled that at common law the court will determine if a stockholder's desire for examination not only is reasonable, but has "reference to the interests of the corporation and his personal interest as a member of it." *Varney* v. *Baker*, 194 Mass. 239. *Butler* v. *Martin*, 220 Mass. 224, 226. And ordinarily relief by mandamus is not given unless it appears that the interest or rights of the petitioner as a stockholder are likely to be seriously prejudiced and affected. It is plain under St. 1858, c. 144, re-enacted substantially in Gen. Sts. c. 68, § 10, Pub. Sts. c. 105, § 21, R. L. c. 109, § 32, which provide that the treasurer òr cashier of every corporation shall keep an accurate list of its stockholders with the number of shares owned by each, which shall at all times upon written application by any stockholder be exhibited for his inspection, and if inspection is refused, the officer is made subject to a forfeiture of $50, that the only civil remedy of an aggrieved stockholder before enactment of the present statute was mandamus. R. L. c. 221, § 1. *Smith* v. *Look*, 108 Mass. 139, 141. *Varney* v. *Baker*, 194 Mass. 239. And St. 1903, c. 437, § 95, having expressly repealed § 32 of R. L. c. 109, the defendant is forced to maintain that St. 1903, c. 437, § 30, is merely declaratory of the common law. This question was expressly left undecided in *Powelson* v. *Tennessee Eastern Electric Co.* 220 Mass. 380.

It may be presumed that before enacting the statute the Legislature considered the possibility that information thus obtained might as in the case at bar have a commercial value distinct and quite apart from the stockholder's interest as a corporate member, and undoubtedly could have made the right of examination dependent upon the motive actuating the stockholder. It has not however so done. The words conferring the right are unlimited, and the statute is mandatory. While a stockholder's right to examine the general books of account to ascertain the volume of business transacted, and the method and efficiency of corporate management is left as at common law, the stock and transfer books by the statute are at all times to be exhibited under reasonable conditions for his full examination. The right also includes making

of copies and transcripts as well as the assistance of counsel and copyists for such purpose. The statute when viewed in the light of its origin should not be so construed as to reduce the right to a useless inquiry, which it necessarily would be in most cases unless the stockholder is permitted to copy the names, residences and numbers of shares of the stockholders. *Powelson* v. *Tennessee Eastern Electric Co.,* 220 Mass. 380.

We are therefore of opinion that instead of being merely declaratory, or limiting the right to the sound discretion of the court, the statute was intended to do away with the restrictions imposed at common law on the examination of the stock and transfer books of a domestic corporation. *Foster* v. *White,* 86 Ala. 467. *Johnson* v. *Langdon,* 135 Cal. 624, 626. *State* v. *Middlesex Banking Co.* 87 Conn. 483. *Stone* v. *Kellogg,* 165 Ill. 192. *Ellsworth* v. *Dorwart,* 95 Iowa, 108. *Knox* v. *Coburn,* 117 Maine 409. *Wight* v. *Heublein,* 111 Md. 649. *Hub Construction Co.* v. *New England Breeders' Club,* 74 N. H. 282. *Henry* v. *Babcock & Wilcox Co.* 196 N. Y. 302. *Cincinnati Volksblatt Co.* v. *Hoffmeister,* 62 Ohio St. 189, 198. *Kimball* v. *Dern,* 39 Utah, 181. *Lewis* v. *Brainerd,* 53 Vt. 519.

A decree in favor of the plaintiff is to be entered, the terms of which are to be settled by a single justice.

*Ordered accordingly.*