ROBERT A. DENNISON & another *vs.* HARRY NEEDLE & another.

Suffolk.    January 13, 1931. — February 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Corporation,* Stockholder's right to examine books and records. *Equity Jurisdiction,* Bill by stockholder to gain access to corporate records. *Mandamus.*

Jurisdiction in equity to require officers of a corporation to exhibit to a stockholder papers, books and records thereof is limited to those specified in G. L. c. 155, § 22, as amended by St. 1923, c. 172.

The right of a stockholder to inspect books and records of the corporation other than those named in G. L. c. 155, § 22, as amended by St. 1923, c. 172, still is governed by the common law, which affords a remedy by a petition for a writ of mandamus, but no remedy in equity.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 19, 1930, and afterwards transferred to the Superior Court, against Raymond D. Holland, treasurer of Holland's Far-East Tea, Coffee and Cocoa Corporation and against that corporation.

By amendment to the bill, Harry Needle was substituted as defendant for Raymond D. Holland. The suit was referred to a master, material facts found by whom are stated in the opinion. An interlocutory decree confirming the master's report was entered by order of *Keating,* J. By order of *Cox,* J., the final decree described in the opinion was entered. The defendants appealed from the final decree.

G. L. c. 155, § 22, as amended by St. 1923, c. 172, is as follows:

"The agreement of association, an attested copy of the articles of organization or of articles in amendment of said agreement or of said articles and of the by-laws, with a reference on the margin of the copy of the by-laws to all amendments thereof, and a true record of all meetings

of stockholders shall be kept by every corporation at its principal office in the commonwealth for the inspection of its stockholders. The stock and transfer books of every corporation, which shall contain a complete list of all stockholders, their residences and the amount of stock held by each, shall be kept at an office of the corporation in the commonwealth for the inspection of its stockholders. Said stock and transfer books and said attested copies and records shall be competent evidence in any court of the commonwealth. If any officer or agent of a corporation having charge of such copies, books or records refuses or neglects to exhibit them or to submit them to examination as aforesaid, he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, and the supreme judicial or superior court shall have jurisdiction in equity, upon petition of a stockholder, to order any or all of said copies, books or records to be exhibited to him and to such other stockholders as may become parties to said petition, at such a place and time as may be designated in the order, but in an action for damages or a proceeding in equity under this section for neglect or refusal to exhibit for inspection the stock and transfer books, it shall be a defence that the actual purpose and reason for the inspection sought are to secure a list of stockholders for the purpose of selling said list or copies thereof or of using the same for a purpose other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation."

The case was submitted on briefs.

*M. Jacobs,* for the defendants.

*E. A. Howe,* for the plaintiffs.

SANDERSON, J. This is a bill in equity by stockholders against a corporation and its treasurer, alleging that a demand for an opportunity to inspect the stock and transfer books of the corporation, its record books and books of account had been refused by the defendants and asking for an order directing the defendants to provide the books and records and to permit the plaintiffs or their attorney to examine the same and to make copies and abstracts there-

from. The answer of the defendants admits that the corporation refused to permit the inspection of the books and sets up the defence that the information was sought for personal advantage of the plaintiffs, or for some one undisclosed, and for purposes injurious to the interests of the corporation. The case was referred to a master who found that there was no evidence that the plaintiffs desired the list of stockholders or any other information which might be secured from an examination of the books and papers for any purpose other than the interests of the plaintiffs as stockholders relative to the affairs of the corporation, and that the defendants had failed to maintain their defence. A decree was entered ordering the defendants to exhibit to the plaintiffs and their attorneys for examination the books and records of the defendants and to permit the taking of copies and transcripts therefrom in or within two weeks from the date of the decree at the principal business office of the corporation. From this decree the defendants appealed.

The finding of the master as to the good faith of the plaintiffs in making the requests is conclusive in their favor on that issue. The only other contention of the defendants is that the decree is too broad in requiring them to exhibit to the plaintiffs the books and records of the corporation, which might be construed to mean all books and records. Apart from the statute the proper remedy of an aggrieved stockholder whose request for an examination of the books of a corporation or the records relating to stockholders has been refused is by petition for writ of mandamus. *Varney* v. *Baker,* 194 Mass. 239, 242. *Andrews* v. *Mines Corp. Ltd.* 205 Mass. 121, 124. *Butler* v. *Martin,* 220 Mass. 224, 226. See *Klotz* v. *Pan-American Match Co.* 221 Mass. 38. The jurisdiction in equity to require officers of a corporation to exhibit to a stockholder papers, books and records is limited to those specified in St. 1903, c. 437, § 30 (G. L. c. 155, § 22, as amended by St. 1923, c. 172) and the stockholder's right to examine the general books of account to ascertain the volume of business transacted and the method and efficiency of cor-

porate management is left as at common law. *Shea v. Parker,* 234 Mass. 592, 594. *Powelson v. Tennessee Eastern Electric Co.* 220 Mass. 380, 383. The final decree is to be modified by substituting for the words "books and records" the words "records of all meetings of stockholders and stock and transfer books" and by substituting for the words "two weeks from date" the words "two weeks from the entry of final decree after rescript." As so modified the decree is affirmed.

*So ordered.*