ANDREW SHABSHELOWITZ vs. FALL RIVER GAS COMPANY.[1]

No. 89-P-198.

Bristol. June 13, 1990. - June 26, 1991.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

Further appellate review granted, 410 Mass. 1103 (1991).

*Statute*, Construction. *Corporation*, Stockholder.

Discussion of statutes and cases setting forth the rights of stockholders to inspect stockholders lists and other corporate records. [771-773]

A stockholder in a corporation did not have the right under G. L. c. 156B, § 32, to inspect lists of stockholders for the sole purpose of obtaining information that might result in his acquiring additional stock in the corporation for his own investment portfolio. [773-775]

CIVIL ACTION commenced in the Superior Court Department on October 26, 1984.

The case was reported by *Chris Byron*, J.

*Sander A. Rikleen* (*Edwin J. Carr* with him) for the defendant.

*Fredric L. Ellis* for the plaintiff.

SMITH, J. On October 26, 1984, the plaintiff, a stockholder in the defendant company, Fall River Gas Company, commenced an action in the Superior Court, alleging that the defendant had wrongfully denied him access to its stockholders list. The complaint sought both injunctive relief and damages as a result of the defendant's failure to allow the inspection.

In December, 1986, the parties filed cross motions for summary judgment. At the suggestion of a Superior Court judge, the parties entered into a statement of agreed facts to

[1]The clerk of the corporation, Thomas H. Bilodeau, was also named as a defendant in this action. He died during the pendency of the proceedings. A Superior Court judge allowed a motion to dismiss the action against him on the ground that the action did not survive his death.

provide a basis for a report of a question of law to this court pursuant to Mass.R.Civ.P. 64, 365 Mass. 831 (1974).[2] The judge then reported the following question:

> "Does plaintiff have a right to inspect and copy the Fall River Gas Company stockholders list for the purpose of identifying current stockholders whom he can contact in order to determine whether they are willing to sell their shares of Company stock to him for his own investment portfolio?"

The plaintiff claims that, as a stockholder, he has the right under G. L. c. 156B, § 32,[3] to inspect and copy the stockholders list for his stated purpose. The defendant responds that, because the plaintiff's purpose in examining the list is solely for his personal gain, he is not entitled, under the statute, to inspect and copy the stockholders list.

We summarize the agreed facts. The plaintiff has been a stockholder of the defendant since 1980. The defendant, a Massachusetts gas company within the meaning of G. L. c. 164, has only one class of stock, of which there are 296,757 shares issued and outstanding. The stock is registered with the Securities and Exchange Commission.

---

[2]Under rule 64, the court may not report a case to this court for determination without making any decision unless the parties have agreed in writing "as to all the material facts."

[3]General Laws c. 156B, § 32, as inserted by St. 1964, c. 723, § 1, provides, in pertinent part:

"If any officer or agent of a corporation having charge of . . . [the Company's stock and transfer records] refuses or neglects to exhibit them in legible form or to produce for examination a list of stockholders with the record address and amount of stock owned by each, he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, but in an action for damages or a proceeding in equity under this section for neglect or refusal to exhibit for inspection the stock and transfer records, *it shall be a defence that the actual purpose and reason for the inspection sought are to secure a list of stockholders or other information for the purpose of selling said list or information or copies thereof or of using the same for a purpose other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation*" (emphasis supplied).

On September 14, 1984, the plaintiff made a formal written request that he be permitted to inspect and copy a list of all stockholders of the defendant company. According to the statement of agreed facts, "[t]he purpose of Plaintiff's request . . . was to learn the identity of Company stockholders in order to determine whether there were stockholders willing to sell their Company shares to him. Plaintiff was happy with current management of the Company and . . . wished to change [neither] management nor its policies. . . . Plaintiff has stated under oath that if he is permitted the inspection which he seeks, he will use the Company stockholders lists solely to make inquiries of Company stockholders to see if they are willing to sell their shares of Company stock to him. The Defendant[] [does] not contend that Plaintiff intends to sell the stockholders list . . . ."

An answer to the reported question requires an interpretation of G. L. c. 156B, § 32. In doing so, we are guided by the principle that "[s]tatutes are to be interpreted, not alone according to their simple, literal or strict verbal meaning, but in connection with their development, their progression through the legislative body, the history of the times, [and] prior legislation. . . ." *Commonwealth* v. *Welosky*, 276 Mass. 398, 401-402 (1931). See also *Murphy* v. *Bohn*, 377 Mass. 544, 547-548 (1979). Therefore, a short history of the rights of stockholders to inspect stockholders lists is in order.

At common law, stockholders had the right to inspect the books and records of their corporations if the stockholders were acting in good faith and for the purposes of advancing the corporation's interest and protecting their rights as owners. *Varney* v. *Baker*, 194 Mass. 239, 240-241 (1907). The right, therefore, was not absolute, and it could not be "exercised for mere curiosity, or for merely speculative purposes, or vexatiously." *Id.* at 241. There was, however, strong resistance by corporate officers to *any* attempts by minority stockholders to inspect the books and records. To counteract that resistance, legislatures in several States, toward the close of the Nineteenth Century, gave stockholders an unrestricted right to inspect stockholders lists and other corporate

records. See *Crouse* v. *Rogers Park Apartments, Inc.*, 343 Ill. App. 319, 322 (1951). In Massachusetts, the Legislature followed the trend and enacted St. 1903, c. 437, § 30, which amended the predecessor to G. L. c. 155, § 22, then the only statute applicable to inspection of corporate records by a stockholder.[4] The amendment was interpreted by the Supreme Judicial Court as eliminating "the restrictions imposed at common law on the examination of the stock and transfer books of a domestic corporation." *Shea* v. *Parker*, 234 Mass. 592, 595 (1920). Consequently, as a result of the 1903 amendment to G. L. c. 155, § 22, a stockholder had an unrestricted right to inspect and copy stockholders lists, even if the stockholder's sole purpose was to use the information for his personal gain.[5]

Apparently in response to the holding in *Shea* v. *Parker, supra*, the Legislature in 1923 again amended G. L. c. 155, § 22. See St. 1923, c. 172. The amendment removed the stockholder's unlimited right to inspect stockholders lists and provided that "it shall be a defence that the actual purpose and reason for the inspection sought are to secure a list of stockholders for the purpose of selling said list or copies thereof or *of using the same for a purpose other than in the interest of an applicant, as a stockholder, relative to the affairs of the corporation . . ."* (emphasis added). Identical

---

[4]St. 1903, c. 437, § 30, in pertinent part, read as follows:

"The stock and transfer books of every corporation, which shall contain a complete list of all stockholders, their residences and the amount of stock held by each, shall be kept at an office of the corporation in this Commonwealth for the inspection of its stockholders. . . . If any officer or agent of a corporation having charge of such . . . books . . . refuses or neglects to exhibit them or to submit them to examination . . . he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, and the supreme judicial court or the superior court shall have jurisdiction in equity, upon petition of a stockholder, to order any or all of said . . . books . . . to be exhibited to him and to such other stockholders as may become parties to said petition, at such a place and time as may be designated in the order."

[5]In *Shea* v. *Parker, supra*, the stockholder was also a stockbroker. His stated purpose in seeking inspection of the stockholders list was to use the information, thus obtained, in his business as a stockbroker.

language is found in G. L. c. 156B, § 32, the statute under review here.[6]

Here, the plaintiff's sole purpose for inspecting and copying the defendant's stockholders list, as framed by the reported question, is to identify "current stockholders whom he can contact in order to determine whether they are willing to sell their shares of Company stock to him *for his own investment portfolio*" (emphasis added). That purpose, it is clear, was solely for the benefit of the plaintiff and is not, as required by G. L. c. 156B, § 32, "in the interest of the [plaintiff], as a stockholder, relative to the affairs of the corporation," and, in deciding the narrow issue before us, we hold that a stockholder in a company does not have the right to inspect stockholders lists where his *sole* purpose is to obtain information that might result in acquiring additional company stock for his investment portfolio.

We are aware that some States, under their statutes, allow such inspections for the purpose stated by the plaintiff. Those statutes, however, appear to emphasize the personal interest of the stockholder and do not contain our statutory language referring to the "interest of the applicant, as a stockholder, relative to the affairs of the corporation."[7] We cannot ignore

---

[6]Because of the nature of the defendant's business, G. L. c. 156B, § 32, and not G. L. c. 155, § 22, is applicable to the defendant. In 1964, the Legislature enacted G. L. c. 156B (the Business Corporation Law). Because the defendant is a gas company, organized under G. L. c. 164, certain sections of G. L. c. 156B, including § 32, apply to its operations. See G. L. c. 164, § 4(*a*). Given their identical language, the interpretation of G. L. c. 156B, § 32, is affected by the interpretation of G. L. c. 155, § 22, and the two statutes should be interpreted as being consistent with each other.

[7]For example, compare the provisions of G. L. c. 156B, § 32, with Delaware Code Ann. tit. 8, § 220(b) (1983). The Delaware statute states, in relevant part:

> "(b) Any stockholder ... shall ... have the right . . . to inspect for any proper purpose . . . a list of its stockholders . . . . A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. . . ."

Section 16.02(c) of the Model Business Corporation Act (Supp. 1986) provides:

> "(c) A shareholder may inspect and copy [shareholder lists] only if:

any provision of a statute when we are engaged in the interpretation of a legislative enactment. See *Casa Loma, Inc.* v. *Alcoholic Bevs. Control Commn.*, 377 Mass. 231, 234 (1979)("It is a common tenet of statutory construction that, whenever possible, no provision of a legislative enactment should be treated as superfluous").

The decisions in *Hanrahan* v. *Puget Sound Power & Light Co.*, 332 Mass. 586 (1955), and *Donaldson* v. *Boston Herald-Traveler Corp.*, 347 Mass. 274 (1964), are not controlling. In the *Hanrahan* case, stockholders were interested in having the defendant corporation merge with another corporation. The stockholders sought inspection of the stockholders list in order to solicit proxies on behalf of a promerger committee and thereby attempt to elect a management which would actively seek a merger. The court stated: "With the business merits of such a merger we are not concerned; that is a question for the stockholders to determine. All that we are concerned with is whether this objective is such a purpose as to fall outside the plaintiffs' interest 'as a stockholder, relative to the affairs of the corporation.' Plainly a change in the management and policy of the corporation affects the plaintiffs' rights as stockholders and is certainly relative to the affairs of the corporation." 332 Mass. at 592. Because the purpose in that case was "relative to the affairs of the corporation," inspection was permitted. In the *Donaldson* case, the plaintiff, a stockholder in the defendant corporation, made a request to inspect the defendant's stockholders list to solicit proxies "in order to obtain a measure of control" of the company. 347 Mass. at 280. The court held that "[t]he solicitation of proxies in order to try to change management is a proper purpose." *Ibid.*

---

(1) his demand is made in good faith and for a proper purpose;
(2) he describes with reasonable particularity his purpose and the records he desires to inspect; and
(3) the records are directly connected with his purpose."

In the "Official Comment" to § 16.02(c), it is stated, "A 'proper purpose' means a purpose that is reasonably relevant to the demanding shareholder's interest as a shareholder."

Here, the plaintiff's purpose in inspecting the stockholders lists was not to pursue issues of corporate governance, policy, or control, but instead solely for his own personal reasons. We hasten to add that, if a stockholder does have a proper purpose in making a request to inspect a stockholders list, the fact that he may have personal, or indeed even selfish, motives in making the request does not render his purpose improper. See *Donaldson* v. *Boston Herald-Traveler Corp.*, 347 Mass. at 280. That is, however, not the case here in light of the reported question and the statement of agreed facts entered into by the parties.

We answer the question reported by the Superior Court, "No." The matter is remanded to the Superior Court for further proceedings in accordance with this decision.

*So ordered.*