THERESA SCANDURA *vs.* TROMBLY MOTOR COACH
SERVICE, INC.

Essex.    May 5, 1976. — July 8, 1976.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, & WILKINS, JJ.

*Insurance,* "No fault" insurance.   *Carrier,* Of passengers.

Where questions reported by a District Court raised issues having
significance beyond the parties, this court considered the questions
reported despite the fact that the parties had not agreed to all the
material facts as required by Rule 64 of the Massachusetts Rules
of Civil Procedure, but it had no intention of adopting a general
practice of waiving the requirement that a reservation and report
without decision must contain an agreement as to all material facts.
[614-615]
In a tort action for personal injuries against a common carrier insured
under a motor vehicle liability policy in accordance with G. L. c. 90,
§ 34A, the plaintiff whose injuries resulted in medical expenses of
$128 was barred from recovery by G. L. c. 231, § 60, even though she
had no personal injury protection benefits available to her through
a vehicle owned by her or a member of her household. [616-617]
A plaintiff in an action against a common carrier could not recover
damages for pain and suffering on a contract theory of recovery
where G. L. c. 231, § 6D, barred her from recovering such damages
in tort. [617-619]

TORT. Writ in the Central District Court of Northern
Essex dated January 22, 1974.

Questions of law were reserved and reported by *Mc-
Donald, J.*

*Laurent P. Lambert* for the plaintiff.
*Walter C. Gallagher* for the defendant.

WILKINS, J.   The plaintiff was injured in August, 1972,
in Lawrence, while a passenger on a bus owned and oper-
ated by the defendant, a common carrier. She seeks damages
including recovery for her pain and suffering. The defend-
ant's bus was covered by a "motor vehicle liability policy"
(G. L. c. 90, § 34A) providing "personal injury protection"

(G. L. c. 90, § 34A) often called no-fault benefits.[1] The plaintiff had no personal injury protection benefits available to her through a vehicle owned by her or by a member of her household.

In summary, we accept the defendant's argument that the plaintiff may not recover damages for pain and suffering because of the limitation placed on such recovery by G. L. c. 231, § 6D.[2] None of the conditions of § 6D which permit recovery of damages for pain and suffering exists in this case. The plaintiff's medical expenses were only $128.

We pause at this point to analyze the posture of the case as it arrived in this court on reservation and report

---

[1] The defendant, a common carrier of passengers, had an obligation to provide security to satisfy judgments against it for injury to persons and for damage to property negligently or unlawfully caused by it in the use or operation of any of its buses registered in the Commonwealth. G. L. c. 159A, § 6. The defendant apparently met its obligation as to personal injuries by presenting to the Department of Public Utilities "satisfactory evidence of adequate personal injury liability insurance providing indemnity or protection equal to motor vehicle liability policies, as defined in [G. L. c. 90, § 34A]." G. L. c. 90, § 1A. With an appropriate certificate from the Department of Public Utilities concerning its satisfaction of the security requirements of G. L. c. 159A, § 6, the defendant could register its bus in the Commonwealth. *Id.* The consequence of these events was that, at the time of the plaintiff's injury, the defendant had a standard motor vehicle liability policy in effect covering its bus. That policy had to provide personal injury protection (no-fault benefits) as defined in G. L. c. 90, § 34A. See G. L. c. 90, § 34N.

[2] Section 6D, as appearing in St. 1970, c. 670, § 5, reads as follows: "In any action of tort brought as a result of bodily injury, sickness or disease, arising out of the ownership, operation, maintenance or use of a motor vehicle within this commonwealth by the defendant, a plaintiff may recover damages for pain and suffering, including mental suffering associated with such injury, sickness or disease, only if the reasonable and necessary expenses incurred in treating such injury, sickness or disease for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses are determined to be in excess of five hundred dollars unless such injury, sickness or disease (1) causes death, or (2) consists in whole or in part of loss of a body member, or (3) consists in whole or in part of permanent and serious disfigurement, or (4) results in such loss of sight or hearing as is described in paragraphs (*a*), (*b*), (*c*), (*d*), (*e*), (*f*) and (*g*) of section thirty-six of chapter one hundred and fifty-two or (5) consists of a fracture."

from the Central District Court of Northern Essex where the plaintiff claimed a trial by a jury of six.[3] The case was presented on a statement of agreed facts which included a request that the judge report the case to this court without decision for answers to three questions.[4] Any review by this court would be "pursuant to the Massachusetts Rules of Appellate Procedure." G. L. c. 218, § 19B. Rule 5 of the Massachusetts Rules of Appellate Procedure, 365 Mass. 745 (1974), treats a report of a case as the equivalent of a notice of appeal. The procedure for reporting a case is set forth in Rule 64 of the Massachusetts Rules of Civil Procedure, 365 Mass. 831 (1974). A judge may report a case without making a decision if the parties have agreed to all the material facts.[5]

Although the parties filed a statement of agreed facts, they did not agree to "all the material facts." Mass. R. Civ. P. 64. While agreeing on how the injury occurred, they did not agree that the defendant was negligent or that the plaintiff was not contributorily negligent. In addition, they did not agree on the amount of damages to which the plaintiff would be entitled if the defendant were liable.[6]

---

[3] In these circumstances, the review is directly here and not in the Appeals Court. G. L. c. 218, § 19B, as amended by St. 1975, c. 377, § 6.

[4] The three questions are:

"1. Whether the provisions of Massachusetts General Law[s], Chapter 231, Section 6D apply to a common carrier which is insured under the provisions of Massachusetts General Law[s], Chapter 90, Section 34M.

"2. Whether the Plaintiff's recovery in contract is limited by the provisions of Massachusetts General Law[s], Chapter 231, Section 6D.

"3. Whether the Plaintiff is entitled to recover damages in contract as fully as in tort."

[5] In addition, he may report an interlocutory finding or order if he is of opinion that "it so affects the merits of the controversy that it ought to be determined" by the appropriate appellate court before any further proceedings in the trial court. The judge has not reported any interlocutory finding or order in this case.

[6] The statement of agreed facts does not represent that it contains an agreement as to all the material facts. In addition to omissions already noted, the agreement as to facts states that the plaintiff is entitled to personal injury protection benefits but that she has neither sought nor recovered such benefits. We assume the source of the avail-

Because of the result we reach on the questions reported to us, we assume in the plaintiff's favor that the defendant was negligent, that the plaintiff was not contributorily negligent, and that the matter of the amount of her damages for pain and suffering could be reopened in the trial court, in the judge's discretion, if the questions reported to us were answered in her favor. However, our willingness to deal with the questions presented in the report should not be taken as an intention to adopt a general practice of waiving the requirement that a reservation and report without decision must contain an agreement "as to all the material facts." We are prompted to deal with the questions reported because they raise issues which have significance beyond the parties.

The plaintiff is not entitled to recover damages for pain and suffering from the defendant. The legislative intent behind § 6D is to foreclose such a recovery in this situation. Where a motor vehicle registered in the Commonwealth is covered by a standard motor vehicle liability policy (providing no-fault coverage, as it must), § 6D explicitly forbids a passenger in that vehicle from recovering for pain and suffering in an action of tort, and § 6D implicitly bars such recovery in an action of contract because to allow recovery for pain and suffering would be contrary to the purpose behind the no-fault law (St. 1970, c. 670) of which § 6D is a part. Therefore, we answer the first and second questions (see n.4) in the affirmative, and, because the plaintiff is not entitled to recover for pain and suffering under any theory, we need not answer the third question — whether damages recoverable on a contract

able benefits is the defendant's insurance coverage, but nowhere do the parties expressly state the absence of no-fault benefits in favor of the plaintiff from some other source. We assume, by indirection, that the defendant is a licensed carrier of passengers for hire. The agreement as to facts does not say so. We arrive at this conclusion from the reference to "common carrier" in the first question reported for our consideration at the request of the parties. See n.4 above. In turn, without any assistance from the agreement concerning the facts, we have inferred from statutory requirements that the defendant obtained insurance and registered the bus as recited in n.1 above.

theory would be as broad as those recoverable on a tort theory.

1. We have no difficulty in answering the first question reported by applying § 6D literally to foreclose a tort theory of recovery of damages for pain and suffering in this situation. The fact that the defendant is a common carrier makes no difference. The plaintiff had personal injury protection benefits available to her without the need to prove the defendant's fault or to bring suit. In exchange for this right, she lost the right to recover damages for pain and suffering in the circumstances. Such a substitution is rational and constitutional. *Cyr* v. *Farias,* 367 Mass. 720, 723-724 (1975). *Pinnick* v. *Cleary,* 360 Mass. 1, 16-37 (1971). The availability of prompt and certain recovery tends to reduce court congestion, and the limitation of recoverable damages tends to reduce the cost of compulsory insurance. *Id.* at 16, 20.[7] We see no reason to exempt the plaintiff from the literal application of § 6D in this situation.

This case is significantly different from *Chipman* v. *Massachusetts Bay Transp. Authority,* 366 Mass. 253 (1974), where we declined to apply § 6D literally because to do so would have denied recovery for pain and suffering where neither the plaintiff nor the defendant had any connection with the no-fault insurance system. There the defendant, a self-insurer, had no standard motor vehicle liability insurance, which would have provided personal injury protection, and no-fault benefits were unavailable to the plaintiff in any other way. We held that § 6D did not protect the uninsured defendant from liability for pain

---

[7] The reduction of "compulsory" motor vehicle insurance rates covering buses operated for a profit may not have as much appeal as does a reduction of such rates for a private passenger vehicle. However, insurance rates for common carriers have a potential impact on the cost of public transportation. Whether common carriers of passengers for hire should not have the benefit of § 6D, where, as we hold, they can have it by purchasing insurance and whether the ultimate loss should fall on the common carrier (or its insurer) rather than on the passenger (or his or her insurer) are questions for the Legislature.

and suffering to one who had no recourse to personal injury protection. *Id.* at 258-259.

The statutes of the Commonwealth authorized the defendant in the case before us to provide required security through a motor vehicle liability policy containing no-fault benefits. See n.1 above. When the defendant took the insurance option, a connection with the no-fault system was established, and the reason for disregarding the literal application of § 6D which existed in the *Chipman* case disappeared.

The view we take is supported by our decision in *Cyr* v. *Farias*, 367 Mass. 720 (1975). There two Rhode Island plaintiffs traveling in a vehicle registered in that State were injured in a motor vehicle accident in the Commonwealth involving a defendant whose vehicle was registered in the Commonwealth and insured under a motor vehicle liability policy providing no-fault benefits. This court held that, even though the Rhode Island plaintiffs were not entitled to no-fault benefits in the circumstances, they could not recover damages for pain and suffering. The significant fact, which distinguished the *Chipman* case, was that the defendant was within the no-fault system because his vehicle was covered by a motor vehicle liability policy. *Id.* at 722-723. The defendant here also is within the no-fault system.

2. We answer the second question by holding that a contract theory of recovery may not be used to circumvent the limitation of § 6D on recovery for pain and suffering. The question whether § 6D protects a public carrier from liability in contract for personal injuries was noted but not decided in the *Chipman* case.[8] *Chipman* v. *Massachusetts Bay Transp. Authority, supra* at 260 n.9.

The plaintiff agrees that she is entitled to no-fault benefits but argues that she may also recover in contract for injuries sustained as a result of the defendant's negligence.

---

[8] Chipman prevailed on the tort count and, in any event, had waived a contract count. *Chipman* v. *Massachusetts Bay Transp. Authority, supra* at 254 n.1.

We accept, for the purposes of this case, the plaintiff's assertion that pain and suffering damages would be recoverable in an action of contract against a negligent common carrier. Cf. *Sullivan* v. *O'Connor,* 363 Mass. 579, 587 (1973); *McClean* v. *University Club,* 327 Mass. 68, 76 (1951).

In this situation, the distinction between tort and contract is insignificant. The duty of care imposed by the existence of a contract is not the product of any express agreement between the passenger and the carrier but rather is implied by law. Similarly, the duty on which a tort action would be based is a duty imposed by law. We have said that "the measure of the carrier's duty [is] the same in either form of action." *Tefft* v. *Boston Elevated Ry.,* 285 Mass. 121, 124 (1934). The focus of concern in § 6D was on tort actions because such actions have been the traditional form of claim used to recover for personal injuries sustained as a result of the negligent operation of a motor vehicle. We see no justification for permitting a contract recovery of damages for the plaintiff's pain and suffering which may not be recovered in tort.[9]

If contract actions could be maintained to recover damages for pain and suffering when tort actions to recover such damages are barred by § 6D, the purpose of the no-fault law (of which § 6D is a significant element) would be frustrated in part. If the plaintiff's argument were accepted, the practical result would be to exclude from the full operation of the no-fault law all passengers in vehicles for hire covered by a standard motor vehicle liability policy. The excluded class would consist of passengers in a considerable variety of motor vehicles, such as buses, taxicabs, ambulances, and other vehicles hired with a driver.

There is a logical basis for concluding that the Legislature intended that passengers in such vehicles should not

---

[9] We expressed such a conclusion recently with respect to a contract action for personal injury against a charitable corporation which was immune from liability in tort at the time the allegedly negligent acts occurred. *Higgins* v. *Emerson Hosp.,* 367 Mass. 714, 716 (1975).

be treated differently under the no-fault law. If the plaintiff's argument were accepted, the premium charges to be paid for motor vehicle insurance policies covering these classes of vehicles would not have been reduced as intended by the no-fault law. Indeed, acceptance of the plaintiff's argument would tend to result in an increase in those premium charges because full damages based on negligence would be recoverable as before, but in contract, and in addition no-fault benefits would be recoverable by those who could not prove negligence.

3. We answer the first and second questions in the affirmative. Because an action in contract may not be maintained to recover for pain and suffering in light of our interpretation of § 6D, we need not answer the third question concerning the scope of contract damages.

*So ordered.*