ANDREW SHAB.HELOWITZ *vs.* FALL RIVER GAS COMPANY.

Bristol. December 4, 1991. - March 16, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Practice, Civil*, Report. *Statute*, Construction. *Corporation*, Stockholder.

Where the judge in a civil action improperly reported a question of law, without entry of a finding or order, this court exercised its discretion to treat the case as if it had been reported properly under Mass. R. Civ. P. 64 [260-262]

A stockholder in a corporation did not have the right under G. L. c. 156B, § 32, to inspect and copy lists of stockholders in the corporation for his own personal investment purposes, that is, to make inquiries of the stockholders to see if they were willing to sell their shares to him. [262-266]

CIVIL ACTION commenced in the Superior Court Department on October 26, 1984.

A question of law was reported to the Appeals Court by *Chris Byron*, J. After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further review.

*Edwin J. Carr* (*Robert P. Snell* with him) for the defendant.

*Frederic L. Ellis* for the plaintiff.

ABRAMS, J. The question before us is whether a stockholder motivated solely by personal investment concerns may compel a company to produce a stockholder list for him to inspect and copy. The Appeals Court held that the plaintiff had no right to inspect the stockholder list because he was motivated solely by a desire "to obtain information that might result in acquiring additional company stock for his investment portfolio." *Shabshelowitz* v. *Fall River Gas Co.*, 30 Mass. App. Ct. 769, 773 (1991). We allowed the plaintiff's application for further appellate review. We agree with

the Appeals Court's analysis. We comment briefly on the procedure used to report the case. We remand the matter to the Superior Court to enter judgment for the defendant.

1. *Facts.* The plaintiff commenced an action in Superior Court alleging that the company wrongfully had denied him access to its stockholder list. The complaint sought both injunctive relief and damages. The parties filed a statement of agreed facts. The agreed facts are as follows. The plaintiff has been a stockholder of the defendant since 1980. The defendant, a Massachusetts gas company within the meaning of G. L. c. 164, has only one class of stock, of which there are 296,757 shares issued and outstanding. The stock is registered with the Securities and Exchange Commission.

In September, 1984, the plaintiff made a formal written request that he be permitted to inspect and copy a list of all stockholders of the defendant company. According to the statement of agreed facts, "[t]he purpose of Plaintiff's request . . . was to learn the identity of Company stockholders in order to determine whether there were stockholders willing to sell their Company shares to him. [The p]laintiff was happy with current management of the Company and . . . wished to change [neither] management nor its policies." The plaintiff has stated under oath that if he is permitted the inspection he seeks, he will use the Company stockholder list solely to make inquiries of Company stockholders to see if they are willing to sell their shares of Company stock to him. *Shabshelowitz* v. *Fall River Gas Co., supra* at 770-771.

2. *The report.* The parties filed cross motions for summary judgment, and a joint motion to report "this case to the Appeals Court, pursuant to [Mass. R. Civ. P. 64, 365 Mass. 831 (1974)], for determination of the [reported] question."[1]

---

[1]Rule 64 provides that a trial judge, "upon request of the parties, in any case where the parties agree in writing as to all the material facts, may report *the case* to the [A]ppeals [C]ourt for determination without making any decision thereon" (emphasis added). In this case, the parties jointly requested that the judge report the case to the Appeals Court. The parties also agreed to a statement of facts that resolved all material factual disputes.

The judge did not rule on the cross motions for summary judgment; the judge did allow the parties' motion to report the case. The judge, however, reported a question of law to the Appeals Court.[2] He did not report the case.[3]

Rule 64 provides that a trial judge, in certain circumstances, may report a case to the Appeals Court. The provisions of rule 64 relevant to this case (found in the third sentence of the rule) require that the report be requested by both parties and that the parties agree in writing to all material facts. Mass. R. Civ. P. 64. The judge need not render any decision on the case before reporting it.[4]

Rule 64 does not provide for the report of a question of law without entry of a finding or order. Ordinarily, we would decline to decide a case that was improperly reported. Because the parties requested a report of the case and agreed in writing to all the material facts and because the Appeals Court addressed the issue at length, however, we exercise our discretion to treat this matter as if the case, rather than a question, were reported. Cf. *Adoption of Thomas*, 408 Mass.

---

[2]The judge reported the following question: "Does plaintiff have a right to inspect and copy the Fall River Gas Company stockholders list for the purpose of identifying current stockholders whom he can contact in order to determine whether they are willing to sell their shares of Company stock to him for his own investment portfolio?" The Appeals Court answered this question "[n]o."

[3]In his order for report, the judge noted that the resolution of pending cross-motions for summary judgment "depend[s] upon resolution of the [reported] question . . . ." Thus, the judge recognized that a negative answer to the reported question would determine the outcome of the case.

[4]Rule 64 also allows a judge to report an interlocutory finding or order if the judge believes that the finding or order "so affects the merits of the controversy that the matter ought to be determined by the [A]ppeals [C]ourt before any further proceedings in the trial court." Mass. R. Civ. P. 64, 365 Mass. 831 (1974). "[T]he basic issue to be reported [under this provision of rule 64] is the correctness of [the judge's] finding or order. Reported questions need not be answered in this circumstance except to the extent that it is necessary to do so in resolving the basic issue." *McStowe* v. *Bornstein*, 377 Mass. 804, 805 n.2 (1979), citing, inter alia, *Scandura* v. *Trombly Motor Coach Serv., Inc.*, 370 Mass. 612, 615-616 (1976). Because the trial judge here made no finding or order, he could not invoke these provisions of rule 64.

446, 449 (1990) ("We believe the public interest would be best served by our answering the questions posed, . . . and therefore we do so" [citation omitted]). Cf. also *Scandura* v. *Trombly Motor Coach Serv., Inc.*, 370 Mass. 612, 615 (1976). Because we treat the case as if it had been reported properly under rule 64, we do not answer the question reported to the Appeals Court but rather consider the appropriate resolution of the case. See *McStowe* v. *Bornstein*, 377 Mass. 804, 805 n.2 (1979). *Scandura* v. *Trombly Motor Coach Serv., Inc., supra.*

3. *The merits.* The plaintiff contends that G. L. c. 156B, § 32 (1990 ed.), confers on him the right to inspect and copy the stockholder list for his stated purpose of acquiring stock for his portfolio.[5] We disagree. The statute does not compel such a conclusion. The question is whether the trading of stock solely for investment purposes is "relative to the affairs of the corporation." G. L. c. 156B, § 32.

The language of the statute is the best indication of legislative intent. The words of a statute are "construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Commonwealth* v. *Fall River Motor Sales, Inc.*, 409 Mass. 302, 316 (1991), quoting *Commonwealth* v.

---

[5]General Laws c. 156B, § 32, as inserted by St. 1964, c. 723, § 1, provides, in pertinent part:

"If any officer or agent of a corporation having charge of . . . [the corporation's stock and transfer records] refuses or neglects to exhibit them in legible form or to produce for examination a list of stockholders with the record address and amount of stock owned by each, he or the corporation shall be liable to any stockholder for all actual damages sustained by reason of such refusal or neglect, but in an action for damages or a proceeding in equity under this section for neglect or refusal to exhibit for inspection the stock and transfer records, *it shall be a defen[s]e that the actual purpose and reason for the inspection sought are to secure a list of stockholders or other information for the purpose of selling said list or information or copies thereof or of using the same for a purpose other than in the interest of the applicant, as a stockholder, relative to the affairs of the corporation"* (emphasis added).

*Galvin*, 388 Mass. 326, 328 (1983). *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975).

The parties agree that the crucial language in G. L. c. 156B, § 32, was enacted by the Legislature (in St. 1923, c. 172) in response to our holding in *Shea* v. *Parker*, 234 Mass. 592, 595 (1920). Shabshelowitz contends that, in enacting St. 1923, c. 172, the Legislature only intended to prevent stockholders from using inspection rights in furtherance of fraudulent investment schemes. Shabshelowitz further maintains that the statute merely reimposes the common law requirements for inspection of stockholder lists.

Shabshelowitz's arguments are unpersuasive. The Appeals Court, Shabshelowitz asserts, erred because legislative history of the statute demonstrates that it was only intended to eliminate the use of stockholder lists in fraudulent investment schemes. In support of this argument, the plaintiff cites a petition that accompanied the statute as originally proposed. The petition "represent[ed] that public necessity and convenience require the passage of legislation prohibiting or restricting the securing of lists of stockholders of Massachusetts corporations for purposes not connected with the affairs of the corporation *or* for the purpose of ascertaining the small shareholders in order to get them to sell their sound investments and invest in speculative or worthless foreign oil and mining shares . . ." (emphasis added). 1923 House Doc. No. 620. The petition cited by Shabshelowitz has little, if any, value as legislative history. The petition purports to reflect not the intent of the Legislature as a whole but, rather, the views of one legislator.

Assuming that the petition were to be considered as legislative history, however, it would not support Shabshelowitz's argument. Instead, the petition demonstrates that its author sought to deny inspection rights not only to those who urge the public to "invest in speculative or worthless foreign oil and mining shares" but also to those motivated by "purposes not connected with the affairs of the corporation." The use of the disjunctive "or" indicates that the "purposes not connected with the affairs of the corporation" contemplated by

the Legislature comprised more than just fraudulent investment schemes. See *Bello* v. *South Shore Hosp.*, 384 Mass. 770, 782 (1981) ("The word 'or' is given a disjunctive meaning unless the context and the main purpose of all the words demand otherwise," quoting *Eastern Mass. St. Ry.* v. *Massachusetts Bay Transp. Auth.*, 350 Mass. 340, 343 [1966]).

Shabshelowitz's reading of the statutory language as a response to *Shea* v. *Parker, supra,* is similarly dubious. Prior to our holding in *Shea*, stockholders enjoyed an absolute statutory right to inspect corporate stockholder lists. See *Shabshelowitz* v. *Fall River Gas Co., supra* at 772. In *Shea* v. *Parker, supra* at 594, we held that this absolute right applied to a stockbroker who intended to use the stockholder list "to ascertain [when inquiries were made by prospective purchasers] if any of the shares were for sale, and [to] 'broaden[ ] the market for the stock.' " It was in response to this holding, according to Shabshelowitz, that the Legislature enacted the requirement that inspection requests be "relative to the affairs of the corporation."

There is, however, no significant difference between the stockbroker's purpose in *Shea* v. *Parker, supra,* and Shabshelowitz's purpose here. Indeed, Shabshelowitz himself argues that one of the primary effects of his effort to inspect the shareholder list will be a "broadening of the market for the corporation's stock." Viewed from the point of view of the corporation, whose "affairs" are the subject of legislative concern, there is no difference between a stockbroker's efforts to find willing sellers for third-party buyers and Shabshelowitz's endeavors to find stockholders willing to sell to him.[6] For this reason, the Appeals Court's distinction between purely personal purposes for seeking inspection and those which are "relative to the affairs of the corporation" is sound. See *Shabshelowitz* v. *Fall River Gas Co., supra* at 773.

---

[6]We emphasize here that Shabshelowitz stipulated that he "was happy with [then] current management of the [c]ompany and neither wished to change management nor its policies."

Shabshelowitz unsuccessfully urges us to interpret St. 1923, c. 172, as a Legislative return to the common law principle with respect to inspection of stockholder lists. Even assuming that this position were correct, however, Shabshelowitz misstates the substance of the common law. According to Shabshelowitz, the common law required that a stockholder demonstrate "good faith" and "a proper purpose" before the stockholder was allowed to inspect the corporate books. Shabshelowitz then attempts to establish that his purpose for inspecting the stockholder lists was "proper."

Shabshelowitz, however, cites no authority for the proposition that the "proper purpose" requirement ever was the governing standard in Massachusetts. In fact, as the Appeals Court explained, at common law, stockholders had the right to inspect stockholder lists if they were "acting in good faith and for the purposes of advancing the corporation's interest and protecting their rights as owners." *Shabshelowitz* v. *Fall River Gas Co.*, *supra* at 771, citing *Varney* v. *Baker*, 194 Mass. 239, 240 (1907). A return to the common law of Massachusetts, therefore, would require that Shabshelowitz be motivated by the "purposes of advancing the corporation's interest." *Id.* His own stipulation confirms that he was not.

Shabshelowitz maintains that the Appeals Court's approach is inconsistent with the results reached by every other court that has considered this question. The short answer to this contention is that the statutes interpreted by those courts "appear to emphasize the personal interest of the stockholder and do not contain our statutory language referring to the 'interest of the applicant, as a stockholder, relative to the affairs of the corporation.'" *Shabshelowitz* v. *Fall River Gas Co.*, *supra* at 773 & 773, citing Delaware Code Ann. tit. 8, § 220(b) (1983) ("A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder . . ."). Cf., e.g., Florida Stat. § 607.1602(8) (1991 ed.) ("'proper purpose' means a purpose reasonably related to such person's interest as a shareholder"). Model Business Corporation Act § 16.02(c) (Supp. 1986) (purpose of inspection must be "relevant to the . . . shareholder's interest as a

shareholder). Cf. also *Morris* v. *United Piece Dye Works*, 59 A.2d 660, 661 (N.J. 1948) (stockholder's purpose for inspection must be "germane to the applicant's right as a shareholder").

Shabshelowitz also contends that our cases since *Shea* v. *Parker, supra,* support his position. The Appeals Court, however, properly disposed of this argument. In both of the cases cited by Shabshelowitz, the stockholders seeking inspection of stockholder lists sought to control corporate policy or governance. See *Shabshelowitz* v. *Fall River Gas Co., supra* at 774, citing *Hanrahan* v. *Puget Sound Power & Light Co.,* 332 Mass. 586 (1955) (stockholders sought merger of corporation with another); *Donaldson* v. *Boston Herald-Traveler Corp.,* 347 Mass. 274 (1964) (proxy contest).

Finally, Shabshelowitz advances strong policy arguments in support of his position. He notes that stockholders are the true owners of a corporation and that the right to communicate with other stockholders is fundamental to corporate democracy. See generally *Guthrie* v. *Harkness*, 199 U.S. 148, 155 (1905). Shabshelowitz also postulates that it is always in stockholders' best interest to create as wide a market as possible for shares. The Legislature, however, and not a court, is the appropriate forum for consideration of those policy arguments.

Accordingly, we remand this case to the Superior Court for entry of judgment for the defendant.

*So ordered.*