IRENE ROBERTS & another[1] *vs.* CITY OF WORCESTER
& another.[2]

Worcester. November 1, 1993. - January 21, 1994.

Present: WILKINS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Report. *Eminent Domain*, Validity of taking. *Redevelopment of Land. Urban Renewal.*

A city and its redevelopment authority had the right to exercise the power
of eminent domain to acquire certain property located within the area
of the city's urban renewal plan pursuant to the most recent amend-
ment of the plan and then to convey that property to new owners for
the purpose of developing a medical complex, notwithstanding circum-
stances that the redevelopment authority previously, in 1974, conveyed
the property to the current owners, who then developed their respective
parcels according to the plan as in effect at that time. [806]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 13, 1993.

The case was heard by *John P. Forte*, J., sitting under
statutory authority, and was reported by him to the Appeals
Court. The Supreme Judicial Court granted a request for di-
rect review.

*Burton Chandler* (*Michael S. Goff* with him) for Irene
Roberts.

*Stephen B. Deutsch* (*Michael A. Albert* with him) for
Worcester Redevelopment Authority.

*David M. Moore*, Acting City Solicitor, for the city of
Worcester.

*David A. Talman*, for the intervener, was present but did
not argue.

---

[1]The intervener, the R & R Plumbing Supply Corporation. We shall
refer to the original plaintiff and intervener as the plaintiffs.

[2]Worcester Redevelopment Authority.

WILKINS, J. The plaintiffs are owners of land and buildings within the area of the Worcester East Central Urban Renewal Plan (plan) which was adopted in 1967. The Worcester Redevelopment Authority (WRA) acquired title to land in the area of the plan, and in 1974 it conveyed separate portions of the land within the plan area to the plaintiffs (or their predecessors). The plaintiffs then developed their respective parcels according to the plan. The issues in this case arise because the city and the WRA have determined to permit the development of a medical complex in the plan area for which purpose the plaintiffs' land will be needed. The plaintiffs challenge the lawfulness of any attempt to take their property by eminent domain.

The plaintiffs seek both (a) a declaration that the defendants have no lawful right to take the plaintiffs' property by eminent domain and (b) appropriate related injunctive relief. In June, 1993, a judge sitting in the Superior Court issued a preliminary injunction against the taking of the plaintiffs' property. He then reported the case to the Appeals Court on a statement of agreed facts. We allowed the defendants' request for direct appellate review.[3] We conclude that a judgment shall be entered declaring that the defendants have the right to acquire the plaintiffs' property by eminent domain pursuant to the most recent amendment of the plan and then to convey that property to new owners for the purposes of the so-called Medical City Project.

The plaintiffs rely on language in the 1967 urban renewal plan which, they assert, requires their consent to any proposed "modification" of the 1967 plan that applies to their property. It is doubtful that consent is required when the implementation of the amended plan will leave the plaintiffs with no continuing interest in the plan area. The defendants

---

[3]The judge purported to report questions of law to the Appeals Court on which the parties had agreed. We do not answer questions of law purportedly reported under Mass. R. Civ. P. 64, 365 Mass. 831 (1974), except as it is necessary to do so in deciding the case on the reported facts. See *Shabshelowitz* v. *Fall River Gas Co.*, 412 Mass. 259, 260-261 & n.4 (1992); *McStowe* v. *Bornstein*, 377 Mass. 804, 805 n.2 (1979).

point to the approval by the Executive Office of Communities and Development (EOCD) of the amended plan and its waiver of any requirement in its regulations that the affected redevelopers, such as the plaintiffs, must consent to the amendment of the plan. The defendants argue that the EOCD's action by implication eliminates the plaintiffs' rights under the terms of the 1967 plan. It is doubtful that the EOCD's action eliminated contractual rights that preexisted the EOCD's waived regulation.

We need not resolve these contending positions because the defendants have the right in the circumstances to exercise the power of eminent domain. *Chelmsford* v. *DiBiase*, 370 Mass. 90, 94 (1976). *Burnes* v. *Metropolitan Dist. Comm'n*, 325 Mass. 731, 734 (1950). *Eastern R.R.* v. *Boston & Me. R.R.*, 111 Mass. 125, 131 (1872). See *Contributors to Pa. Hosp.* v. *Philadelphia*, 245 U.S. 20, 22-24 (1917); 11 McQuillin, Municipal Corporations § 32.11 (3d ed. 1991).

The plaintiffs argue that their property ceased to be part of the plan area when they received, or became eligible to receive, certificates of completion for the improvements they made. The plan expressly provides, however, that it will be in effect for thirty years. Their land, therefore, did not cease to be part of the plan. Even if it did, the defendants never lost the right to use the power of eminent domain to make another taking. See *Proprietors of Locks & Canals on Merrimack River* v. *Lowell*, 7 Gray 223, 226 (1856); *Boston Water Power Co.* v. *Boston & Worcester R.R. Corp.*, 23 Pick. 360, 394 (1839); 11 McQuillin, Municipal Corporations, *supra* at § 32.70. Certainly there is no valid basis to challenge the public purpose behind the proposed takings in this case. See *Benevolent & Protective Order of Elks, Lodge No. 65* v. *Planning Bd. of Lawrence*, 403 Mass. 531, 539-540, 551 (1988), and cases cited; *Hawaii Hous. Auth.* v. *Midkiff*, 467 U.S. 229, 241-242 (1984).

A declaratory judgment shall be entered stating that the city of Worcester and the Worcester Redevelopment Authority have lawful authority to acquire the property of the plain-

tiffs for the purposes stated in the Worcester East Central Urban Renewal Plan as amended.

*So ordered.*