Doerfer, J.
The plaintiff, Shirley M. Musto (“Musto”), brought this action against the defendants, Cataldo Ambulance Service, Inc. (“Cataldo”) and Mark D. Farrell (“Farrell”) to recover damages for injuries she allegedly sustained while a passenger in an ambulance owned by Cataldo. Farrell, an emergency medical technician (“EMT”) and an employee of Cataldo, was the operator of the ambulance in which Musto was injured. Farrell has now moved for summary judgment on the ground that G.L.c. 111C, §14 provides him with immunity against Musto’s action. Musto opposes Farrell’s motion and contends that G.L.c. 111C, §14 does not provide immunity to Farrell because the accident occured during a routine transfer between hospitals, rather than during an “emergency.” For the reasons which follow, Farrell’s motion for summary judgment is denied.
BACKGROUND
On January 13, 1992, Musto experienced chest pain and was admitted to Winthrop Hospital for observation. On January 14, 1992, Musto was informed that she was going to be transferred from Winthrop Hospital to New England Deaconess Hospital (“Deaconess”) because the medical equipment at Deaconess was more sophisticated and because the Deaconess location was more convenient for her treating physician. On that same day, Farrell was assigned to transport Musto from the Winthrop Hospital to the Deaconess in a Cataldo ambulance. On the way to the Deaconess, Farrell became involved in an accidentand Musto allegedly sustained injuries as a result. A second ambulance came to the scene and transported Musto to the Deaconess. On December 14, 1993, Musto filed this action against Cataldo and against Farrell, individually.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Farrell contends that, pursuant to G.L.c. 111C, § 14, Musto is barred as a matter of law from maintaining her action against him. G.L.c. 111C, §14 provides,
No emergency medical technichian certified under the provisions of this chapter . . . who in the performance of his duties and in good faith renders emergency first aid or transportation to an injured person or to a person incapacitated by illness shall be personally in any way liable as a result of rendering such aid or as a result of transporting such person to a hospital or other safe place . . .
G.L.c. 111C, §14 (emphasis added).
“[A] basic tenet of statutory construction is to give the words their plain meaning in light of the aim of the Legislature . . .” Commonwealth v. Vickey, 381 Mass. 762, 767 (1980); see also Shubshelowicz v. Fall River Gas Co., 412 Mass. 259, 262 (1992). (“The language of a statute is the best indication of legislative intent.”) “A statute can not be extended by construction or enlargment beyond its fair import.” Prondecka v. Turners Falls Power & Elec. Co., 238 Mass. 239, 243 (1921).
The plain language of G.L.c. 111C, §14 indicates that immunily is only available to an emergency medical technician if he “renders emergency first aid or transportation ...” There is no indication from the language of the statute that the Legislature intended to grant immunily to an emergency medical technician who causes another to sustain injuries during a non-emergency routine transfer. In fact, if Farrell’s interpretation of the statute were accurate, the word “emergency” would have no effect. See Milton v. Metropolitan District Commission, 342 Mass. 222, 225 (1961). (“It is not be assumed that words in a statute *32 have no force or effect.”) It is clear that “emergency’ modifies “transportation” as well as “first aid” in the context of the statute.
The Legislative history further suggests that the Governor intended that G.L.c. 111C, §14 provide a narrow scope immunity to emergency medical technicians so that injured persons would not be improperly denied relief. See 1977 House Bill No. 6143; Taplin v. Chatham, 390 Mass. 1, 4 (1983). Thus, construing the statute narrowly and giving reasonable effect to each of its provisions, the court concludes that G.L.c. 111C, §14 provides an emergency medical technician with immunity for personal injuries only when he or she is transporting a person under emergency conditions. Because there is no evidence that Musto’s transfer to Deaconess was anything but routine, Farrell’s motion for summary judgment is denied.
ORDER
For the foregoing reasons, the Defendant Mark D. Farrell’s Motion for Summary Judgment is DENIED.