King, J.
Plaintiff Gramercy Park Investments L.P. seeks a preliminary injunction, pursuant to Mass.R.Civ.P. 65, ordering the defendants to provide Gramercy with a current list of the names, addresses, telephone numbers and ownership interests of the limited partnerships’ owners. After hearing and considering the arguments of counsel, the plaintiffs motion for a preliminary injunction will be allowed for the reasons set forth below.
BACKGROUND
Gramercy, a Delaware limited partnership, is a Recognized Owner of the defendant limited partnerships, as defined by the Airfund International Partnership Agreement dated January 31, 1989, and the Airfund II International Partnership Agreement dated July 20, 1989. As a Recognized Owner holding a certain beneficial ownership interest, Gramercy is subject to both limited partnership agreements.
Defendants Airfund International Limited Partnership (Airfund) and Airfund II International Limited Partnership (Airfund II) are Massachusetts limited partnerships. The purpose of the partnerships is to acquire, maintain and invest in aircraft.
Defendant AFG Aircraft Management Corporation (AFG), a Massachusetts corporation, is the sole general partner of Airfund and Airfund II.
On April 15, 1997, Gramercy requested of AFG, as general partner of both Airfund and Airfund II, “the most recent list[s] of Recognized Owners of the Partnership[s] (including the beneficial owners of self-directed retirement accounts), including each Recognized Owner’s name, address, phone number and the number of units held.” Gramercy based its request on both partnership agreements and on G.L.c. 109, §21(1) of the Massachusetts Uniform Limited Partnership Act. Gramercy stated as its purpose “to assist Gramercy and its affiliates in purchasing additional Partnership interests,” and further stated that neither Gramercy nor its affiliates would disclose the requested information.
Gramercy received no reply from AFG and renewed its request by letter dated May 5, 1997. AFG continued to decline to produce the requested lists.
On May 22, 1997, Gramercy filed this action alleging breach of the Massachusetts Uniform Limited Partnership Act, breach of contract, breach of fiduciary duty, and seeking injunctive and declaratory relief.
DISCUSSION
A preliminary injunction may be granted when the balance between the risk of irreparable harm to each party “in light of [that] party’s chance of success on the merits . . . cuts in favor of the moving party.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). “[T]here is no per se prohibition against granting an applicant, through a preliminary injunction, all of the ultimate relief the applicant seeks prior to a full trial.” Petricca Construction Co. v. Commonwealth, 37 Mass.App.Ct. 392, 400 (1994). Indeed, such an award may be proper and desirable “if its issuance is the only way to preserve the status quo and it promotes the public interest to do so.” Id.
Gramercy argues that any delay in obtaining the lists (1) jeopardizes its ability to assess the market and to increase its investment in Airfund and Airfund II; (2) may allow an increase in the price of ownership interests of Airfund and Airfund II; and (3) may provide others the opportunity to make tender offers for ownership interests.
The defendants counter that if forced to produce the lists by an injunction, irrevocable tender offers will be made before adjudication on the merits, AFG would be in breach of its fiduciary duty to the unitholders or Recognized Owners and the business relationship of the partnerships with their unitholders would suffer, and Gramercy’s potential tender offer places Airfund and Airfund II at risk of being taxed as corporations.[1]
Defendants Airfund and Airfund II, as Massachusetts limited partnerships, are subject to the provisions of the Massachusetts Uniform Partnership Act, G.L.c. 109. Section 5 of that chapter requires each limited partnership to maintain “a current list of the full name and last known business address of each partner, separately identifying in alphabetical order the general partners and the limited partners." G.L.c. 109, §5(a)(l). These records “shall be subject to inspection and copying at the reasonable request and at the expense of any partner during ordinary business hours.” G.L.c. 109, §5(b).[2] In addition, §21(1) repeats the limited partner’s right to “inspect and copy any of *124 the partnership records required to be maintained by Section five.” G.L.c. 109, §21(1).
Section 21(1) places no conditions on the limited partner’s right to the information. The limited partnership must maintain and make available certain information to all its limited partners. The statute makes no reference to the purpose or motive of the requesting party.
Defendants urge the court to imply a “proper purpose" limitation to Gramercy’s request for the lists or to apply an “improper purpose defense” to protect the information. No Massachusetts court has addressed this issue in the context of a limited partnership. In Shabshelowitz v. Fall River Gas Co., the Supreme Judicial Court addressed a shareholder’s request, based on a purely personal investment interest, to inspect a list of the corporation’s shareholders. 412 Mass. 259 (1992) (denying the request). In contrast to the limited partnership statute, which merely imposes time and cost conditions on the partner’s request for partnership records, the corresponding corporate statute makes explicit a “defen[s]e that the actual purpose and reason for the inspection sought are . . . for a purpose other than in the interest of the applicant as a stockholder, relative to the affairs of the corporation.” G.L.c. 156B, §32. The Shabshelowitz court rejected the applicant’s argument that other jurisdictions permitted such shareholder requests by distinguishing the language of the Massachusetts statute. Shabshelowitz, supra at 265. In like manner, this court rejects the defendants’ request that a proper purpose limitation or improper purpose defense be implied from the “reasonable request” language of G.L.c. 109, §5(b). If the Legislature had intended to impose the restrictions suggested by the defendants, then it would have included in G.L.c. 109 the restrictive language contained in G.L.c. 156B, §32. The Legislature chose not to impose such a restriction on limited partnerships. The court cannot interpret the statute as implying such a restriction where it is clear that no such restriction was intended.
The Airfund limited partnership agreement and the Airfund II limited partnership agreement formed contracts with Recognized Owners such as Gramercy. “The interpretation of unambiguous language in a written contract is a question of law for a court to decide. If the words of a contract are plain and free from ambiguity, then they must be construed in accordance with their ordinary and usual sense.” Fried v. Fried, 5 Mass.App.Ct. 660, 662-63 (1977) (citations omitted). Section 10.2 of each partnership agreement imposes upon AFG the obligation to maintain, among other records, a current list of the name and address of each Recognized Owner, “which are subject to inspection and copying by any Recognized Owner or his designated representatives at [their] reasonable request ...” Moreover, upon the written request of any Recognized Owner, “the Partnership[s] will furnish a list of the names and addresses of all Recognized Owners, together with their respective Capital Contributions . . . provided such Recognized Owner shall pay the cost of reproducing and delivering such list.” Gramercy is a Recognized Owner and is prepared to pay the necessary costs. Under the terms of this clear and unambiguous contract, the defendants must produce the information requested by Gramercy, except for the requested telephone numbers which are not provided for in the contract.
Based upon the clear and unequivocal language of the statute and contract, it is likely that the plaintiff will prevail after a hearing on the merits. The court is also satisfied that the plaintiff has established a sufficient likelihood of irreparable harm to warrant the requested injunctive relief. Changing market conditions could very well impair the plaintiffs ability to increase its investment in the limited partnerships as well as its ability to do so in such a way as to maximize profits. No adequate remedy at law is likely to be available to the plaintiff because of the practical difficulties of reconstructing what profits would have been realized if the plaintiff had been furnished with the requested information in a timely manner. Also, the significant public interest in requiring limited partnerships to comply with their statutory obligations supports the granting of the requested injunctive relief.
ORDER
For the foregoing reasons, the court orders that plaintiff Gramercy Park Investments L.P.’s request for injunctive relief be GRANTED. The defendants Airfund International Limited Partnership and Air-fund II International Limited Partnership are preliminarily enjoined from failing to produce, within 10 days of this date, the information requested by the plaintiff in its April 15, 1997 letters, except that the telephone numbers of the limited partners need not be produced.
For good cause shown the court waives the bond requirement of Mass.R.Civ.P. 65(c).

 The defendants state that under Section 7704 of the Internal Revenue Code, a partnership is not taxed as a corporation so long as no more than five percent of its partnership interests are traded in one tax year. The plaintiff does not intend to purchase more than 4.9 percent of either of the defendant limited partnerships.

 A “partner” is defined as a limited or general partner. G.L.c. 109, §1(8).